FIRST NATIONAL BANK, MARTINSVILLE, MARTINSVILLE, INDIANA *v.* HARMON CRONE AND FREDDIE BROWN; MARY F. JOHNSON AND STANFORD E. JOHNSON.

[No. 1-273A32. Filed September 26, 1973.]

*Edwin S. Sedwick, Wehrle & Sedwick,* of Martinsville, *Robert E. Robinson,* of Indianapolis, for appellant.

*Samuel J. Kagan, Kagan and Barker,* of Martinsville, for appellees Crone and Brown; *James E. Harris,* of Martinsville, for appellees Johnson.

ROBERTSON, P.J.—Two issues are raised in this appeal by the defendant-appellant Bank (Bank). One is whether the plaintiff-appellees Crone and Brown are buyers in the ordinary course of business as defined by the Uniform Commercial Code, and the other is if the trial court's judgment against defendant-appellee Stanford Johnson is legally sufficient.

The facts giving rise to this appeal are as follows: defendant-appellee Stanford Johnson made arrangements with one Hollis Morgan for the delivery of three truck loads of walnut logs from Alabama. Johnson sent a portion of the purchase money to Morgan with the remainder to be agreed upon and paid after delivery. Morgan then delivered the logs.

Several days later, Johnson and his wife executed a promissory note in the sum of $15,235.50 to the Bank. This was done to cover two checks that Johnson had previously written. (This transaction was not connected with the Johnson-Morgan sale.) At the same time Johnson executed a security agreement giving the Bank a security interest in 147 walnut logs. Additionally, a financing statement was given and the Bank recorded it two days later.

The plaintiff-appellees Crone and Brown were informal partners in buying logs. Johnson negotiated for a sale of his logs to Crone and Brown. Crone and Brown, as well as Johnson, had engaged in buying and selling logs over a number of years, although this was the first time Crone and Brown had done business with Johnson. Upon learning of

the sale, Morgan informed Crone and Brown that Johnson still owed him $6300 on the logs brought from Alabama which they paid. Johnson then paid Crone and Brown $200 to find a buyer for the logs. They agreed upon a total price of $15,000 for the logs and paid $400 to Johnson as part payment. The Virginia Log Company purchased the logs and sent a draft for $22,430.90. Crone and Brown went to the Bank for the purpose of cashing the draft, when it was discovered that the sold logs were a portion of the collateral listed in the Bank's security interest.

Crone and Brown filed suit against the Bank after it withheld the proceeds of the draft from them. The Bank filed its answer in denial as well as two paragraphs of counterclaim. The first was against Johnson and his wife for foreclosure on the note and against the proceeds from the sale of the Bank's collateral. The second paragraph, based upon violation of the security agreement made between the Bank and the Johnsons, sought to have the Bank's lien transferred to the proceeds of the Virginia Log Company draft. The Bank also sought and received an attachment of the draft proceeds pending determination of the various interests in the money by the court.

After a trial the court found as follows:

". . . now finds for [Crone and Brown] and that [Crone and Brown] are entitled to recover $14,730.90 of the amount of $22,430.90, heretofore attached pursuant to an order of this Court, and finds that the defendant, First National Bank of Martinsville, shall recover the balance of the sum ordered attached minus interest at the rate of seven and one-half (7-½) percent per annum on the $14,-730.90 from December 7, 1971. The Court finds against the Defendant Sanford Johnson.

IT IS THEREFORE, ORDERED AND ADJUDGED. . . ."

The importance of whether Crone and Brown are buyers in the ordinary course of business, insofar as the Bank is

concerned, rests upon the following statute, the pertinent part of which reads:

"A buyer in ordinary course of business . . . takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence." IC 26-1-9-307(1), Ind. Ann. Stat. § 19-9-307(1) (Burns 1964).

The Uniform Commercial Code defines a buyer in the ordinary course of business as:

". . . a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker. 'Buying' may be for cash or by exchange of other property or on secured or unsecured credit and includes receiving goods or documents of title under a pre-existing contract for sale but does not include a transfer in bulk or as security for or in total or partial satisfaction of a money debt." IC 26-1-1-201(9), Ind. Ann. Stat. § 19-1-201(9) (Burns 1964).

The majority of the Bank's contentions are directed to attempts to demonstrate why Crone and Brown do not fit into the foregoing statutory description of a buyer in the ordinary course of business. We are of the opinion that the record does not support the Bank's arguments in this regard.

It is first argued that Crone and Brown lacked the good faith requirement because, having engaged in the log-buying business for a number of years, they are held to a higher standard of good faith, namely, "honesty in fact and observance of reasonable commercial standards of fair dealing in the trade." IC 26-1-2-103(1)(b), Ind. Ann. Stat. § 19-2-103(1)(b) (Burns 1964). Our review of the record fails to reveal that the trial judge was ever apprised of what constitutes reasonable commercial standards of fair dealing in log buying and selling, if any. (It is for the

same reason, a lack of evidence on trade custom and usage, that negates whatever applicability the case of *First National Bank of Elkhart County* v. *Smoker* (1972), 153 Ind. App. 71, 286 N.E.2d 203, may have had to the fact situation of the instant case.) Had there been evidence of this sort introduced the Bank's argument in this regard may have been meritorious, however, under the facts of this case, neither we nor the trial court have an evidentiary basis for reaching the result urged by the Bank.

Conversely, the Bank argues that Johnson was not shown to be a "person in the business of selling goods of that kind", as required by the statutory definition of one selling to a buyer in the ordinary course of business. The record amply shows that Johnson had engaged in the buying and selling of logs for about twenty-five years, thereby refuting the Bank's position in this regard.

The Bank next contends that the transaction between Johnson and Crone and Brown was a transfer in bulk and, as such, outside of a transaction in the ordinary course of business. A transfer in bulk is defined as:

". . . any transfer in bulk and not in the ordinary course of the transferors business of a major part of the materials, supplies, merchandise, or other inventory. . . ." IC 26-1-6-102(1), Ind. Ann. Stat. § 19-6-102(1) (Burns 1964).

Additionally, the Bank as a creditor of Johnson, would have received notice of a transfer in bulk as required by the Bulk Transfer Act.

We are of the opinion that the trial court was justified in determining that the instant transaction was not a transfer in bulk. There was no showing that the sale to Crone and Brown was not in the ordinary course of business for Johnson. Moreover, there is an absence of evidence that Johnson intended to abscond or to repurchase the logs from Crone and Brown at a substantially

lower price, or any price for that matter. We believe this to be important for these are the two primary evils to be prevented by the Bulk Transfer Act. See: Comment to Official Text 2(a) and (b), Ind. Ann. Stat. § 19-6-101 (Burns 1964). It has been held that for a bulk sales act to apply, the sale must be extraordinary, a rare and irregular event, occurring but few times in the life of a merchant. See *Sternberg* v. *Rubenstein* (1953), 305 N. Y. 235, 112 N.E.2d 210, and authorities cited therein.

The Bank next argues that Crone and Brown are not buyers in the ordinary course of business because they obtained the logs as partial satisfaction of a debt. The Bank asserts that Morgan assigned his unsecured purchase money security interest to Crone and Brown when they paid the $6300 due from Johnson. As before, we are unable to ascertain any fact from the record which would substantiate any conclusion that Morgan made any assignment, oral or otherwise, to Crone and Brown. The trial court would have been warranted in inferring an extinguishing of Morgan's interest as opposed to any legal or equitable assignment.

The Bank lastly argues that a security agreement attaches when the debtor has rights in the collateral, value is given, and there is an agreement that the security interest attaches. IC 26-1-9-204, Ind. Ann. Stat. § 19-9-204 (Burns 1964). However, given the language of the previously quoted IC 26-1-9-307(1), Ind. Ann. Stat. § 19-9-307(1) (Burns 1964), allowing buyers in the ordinary course of business to take free of a perfected security interest, we are of the opinion that the Bank's reliance upon when the security interest attaches is misplaced when considering Crone and Brown's statutory priority over the Bank as buyers in the ordinary course of business.

We, therefore, affirm the judgment as it applies to Crone and Brown.

The second major error alleged by the Bank is directed to the legal sufficiency of the trial court's judgment which states "The Court finds against the defendant Johnson." We agree that the form of the judgment is defective for uncertainty. There is no mention of a specific sum due to the Bank. See *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N.E.2d 199. Neither is a party-defendant mentioned in the judgment (Mary, wife of Stanford Johnson), nor is there any mention of attorneys fees, if any, as requested in the Bank's prayer for relief. See generally: 17 I.L.E. Judgments § 31 and § 34, pp. 165 and 168.

We reverse that portion of the appeal directed to the sufficiency of the judgment as it applies to the defendant Stanford Johnson, and remand this cause for further action not inconsistent with this opinion.

The judgment is affirmed in part and reversed and remanded in part.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 301 N.E.2d 378.