LANA LAYMAN BY DANA LAYMAN, HER FATHER AND NEXT FRIEND, AND DANA A. LAYMAN *v.* LARRY L. ATWOOD AND SHERRON ATWOOD

[No. 1-477A69. Filed December 20, 1977.]

*Hollingsworth, Martin, Wharry & Pedersen*, of Lebanon, for appellants.

*Faust and Joyce*, of Indianapolis, for appellees.

LOWDERMILK, J.—Plaintiff-appellant, Lana Layman (Layman), perfects this appeal following the granting by the trial court of a motion for summary judgment in favor of defendants-appellees, Larry L. and Sherron Atwood (Atwoods).

The facts necessary for our disposition of this appeal are as follows: This action was commenced after Layman, an 8 year old girl, was bitten by a dog owned by the Atwoods. The Atwoods moved for summary judgment. The Atwoods' motion for summary judgment was accompanied by affidavits which provided in pertinent part as follows:

"* * *

1. That he acquired the Saint Bernard puppy involved in this cause on the 15th day of June, 1972.

2. That the dog was confined to defendant's house and yard and has always been an affectionate pet and companion to defendant's children.

3. That the dog prior to the incident in question in this litigation had never bitten or harmed anyone in any way.

* * *"

Layman filed no affidavits in opposition to the affidavits filed by the Atwoods. Also, the Atwoods took the depositions of Layman, her mother and father, but the depositions were never published.

As stated in *Swanson v. Shroat* (1976), 169 Ind. App. 80, 345 N.E.2d 872 at 874:

"The granting of a motion for summary judgment is appropriate '. . . if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Indiana Rules of Procedure, Rule 56(C). The burden is on the proponent of the motion to show that no genuine issues of fact exist, so in deciding whether to grant a summary judgment, facts set forth in the opponent's affidavit are taken as true, and depositions, admissions, answers to interrogatories, and testimony are liberally construed in favor of the opponent. *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640." (Original emphasis)

Further, as stated in the opinion of *Renn v. Davidson's Southport Lumber Co.* (1973), 157 Ind. App. 446, 451, 300 N.E.2d 682, at 686:

"It is only '[w]hen a motion for summary judgment is . . . supported as provided by this rule' that an 'adverse party' must respond 'by affidavits . . . [which] set forth specific facts showing that there is a genuine issue for trial.' Absent compliance with the rule by the moving party, summary judgment in his favor is obviously not 'appropriate', and failure of the opposing party to respond does not entitle the moving party to judgment. . . ."

Therefore, the issue we are called upon to resolve is whether, considering all of the pleadings and other papers the trial court properly had before it for consideration, there was present a genuine issue of material fact which should have been resolved at trial.

In the case at bar, before the Atwoods could prevail on their motion for summary judgment, it was necessary for them to establish that no genuine issue of material fact existed on the issue of whether they had knowledge of any vicious propensities on the part of their dog. See generally, *Keane v. Schroeder* (1970), 148 Ind. App. 131, 264 N.E.2d 95. Their affidavits established only that their dog was affectionate to *their* children, and to the best of their knowledge had never bitten anyone before. However, the affidavits filed by the Atwoods did not resolve the factual inquiry

of whether or not they had knowledge of any vicious propensities of their dog generally. A dog may well be an affectionate pet to its owner's children, but vicious as to others. It is not uncommon for a person to own a dog for the very purpose of affording a certain degree of protection to his or her children.

In *Doe v. Barnett* (1969), 145 Ind. App. 542, at 551, 251 N.E.2d 688, this court stated:

". . . It is the act of the animal and not in the state of mind of the animal from which the effects of a dangerous propensity must be determined. A dangerous propensity may, for example, be deduced from very playful conduct. . . ."

In the case at bar the Atwoods' dog, without provocation, bit Layman. A jury could reasonably infer that the very act of unprovoked biting by the Atwoods' dog was evidence of that animal's vicious tendencies. If an animal does, indeed, have vicious tendencies a jury could reasonably infer that the animal's owners knew or, at least, should have known of those vicious tendencies. Therefore, since, in the case at bar, a jury could reasonably find that the Atwoods' dog possessed certain vicious tendencies and that the Atwoods should have known of those vicious tendencies, we hold that certain issues of material fact did exist and that the trial court erred in granting summary judgment.

The Atwoods contend that, in the case at bar, since Layman did not file affidavits in opposition to the affidavits attached to their summary judgment motion, this entitled them to have judgment entered in their favor.

Ind. Rules of Procedure, Trial Rule 56(E) provides in pertinent part as follows:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him. . . ." (Our emphasis)

A motion for summary judgment will be "appropriate" only if the pleadings, pre-trial discovery and testimony, if permitted, dispels the existence of all genuine issues of material fact which relate to his fight of recovery. If the proponent of the motion meets his burden of dispelling the existence of all genuine issues of material fact as pertain to his right of recovery, then the burden rests upon the opponent of the motion to take affirmative steps to show a material factual issue does exist for trial. However, if the proponent of the motion does not in the first instance by affidavit or otherwise show there are no genuine issues of material fact which exist, thereby preventing his right to recover as a matter of law, then there is no necessity for the opponent of the motion to file opposing affidavits or otherwise attempt to show additional factual issues. See TR. 56(C) and *Doe v. Barnett, supra.*

We have examined the extracts from the depositions of Layman, her father, and her mother, which were added to the record, pursuant to the corrective provisions of Ind. Rules of Procedure, Appellate Rule 7.2(C), and have determined that such additions to the record do not change our analysis, above, concerning the inferences which can be made about the Atwoods' knowledge of certain vicious tendencies which their dog may have possessed.

Having heretofore determined that neither the affidavits of the Atwoods, nor the depositions of the Laymans, sufficiently dispelled the existence of the Atwoods' knowledge of the dangerous propensities of their dog generally, rather than as related solely toward their children, we are of the opinion that the trial court erred in granting the Atwoods' motion for summary judgment.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*

Robertson, C.J. and Lybrook, J. concur.

NOTE—Reported at 370 N.E.2d 933.