The CITY OF FORT WAYNE, and Indiana Municipal Corporation, Defendant-Appellant,

v.

Hubert BENTLEY, Kenneth Brown, Roland Brown, Merald Buckmaster, Donald Cochran, Kenneth Didier, Edgar Fenton, John Fitch, Julian Franke, David Fyock, James Glaser, Michael Hamlin, Thomas Heckman, Darvin Kritzman, Max Lane, Robert McCaffery, Anthony Myers, Robert O'Steen, Richard Pattee, Michael Perriguey, Richard Ridley, Robert Schieferstein, Robert Vorndran, and William White, Plaintiffs-Appellees.

No. 3–1276A300.

Court of Appeals of Indiana, Third District.

June 25, 1979.

Rehearing Denied Aug. 17, 1979.

William N. Salin, Larry J. Burke, Fort Wayne, for defendant-appellant.

John C. Ruckelshaus, Indianapolis, David B. Keller, Fort Wayne, Joseph W. Kimmell, II, Fort Wayne, for plaintiffs-appellees.

HOFFMAN, Judge.

Hubert Bentley and twenty-two other members of the Fort Wayne Fire Department brought this suit against the City of Fort Wayne claiming that they had been subjected to various adverse job actions in violation of Fort Wayne General Ordinance No. G–29–75. Two of the firefighters alleged that they had been transferred from one division to another contrary to the terms of the ordinance; the remainder alleged that they had been wrongfully demoted.

Eight firefighters sought and obtained dismissal of their claims against the City. The remaining plaintiffs, however, filed a motion for summary judgment, which was granted.

The City now appeals, seeking reversal on the following grounds:

(1) that Ordinance G–29–75 was invalid and therefore formed no basis for granting the relief sought;

(2) that summary judgment was improperly granted;

(3) that the judgment itself was insufficient; and

(4) that the relief granted was improper.

At the outset there is one point which must be discussed. A number of times in its brief the City has made arguments based on its characterization of the proceeding below as one in which the actions of an administrative agency, i. e., the Board of Public Safety, were reviewed. The record is clear, however, that no hearing or other proceeding was conducted by the Board to accomplish the job actions complained of. Consequently, the City's reliance on stat-

utes and rules prescribing procedures to be followed upon a review of administrative action is entirely misplaced.

## I.

### Validity of Ordinance

■ The City argues that the ordinance is an intrusion by the common council into the administrative function of the Board of Safety and that it therefore violates the doctrine of separation of powers as stated in IC 1971, 18–1–1.5–25—18–1–1.5–27 (Burns Code Ed.). According to the City's reasoning, the ordinance, by imposing limits on the Board's power to demote and transfer, runs afoul of IC 1971, 18–1–1.5–26 which prohibits the council from exercising the appointment power.[1]

This argument errs in its fundamental premise, i. e., that the regulation of the exercise of the power to demote and transfer firemen is tantamount to the actual exercise of that power. Were that true, and were it true, as a result, that any regulation of an administrative or executive power would be invalid under IC 1971, 18–1–1.5–25—18–1–1.5–27, *supra,* the common council would be rendered powerless to govern a city. This Court will not ascribe to the Legislature the intent to create such an absurd result. *See: City of Indianapolis v. Ingram* (1978), Ind.App., 377 N.E.2d 877, at 884.

A reasonable reading of the above-cited provisions is that the Legislature intended to prohibit the council from actually appointing persons to serve in the employ of the city except where specifically authorized to do so by statute. That is to say, the council may not take it upon itself, without statutory authority, to select members of the fire force or of any other city department or agency. Nothing in the record before this Court even remotely suggests that the Fort Wayne Common Council sought to engage in this prohibited activity

by passing Ordinance G–29–75. The ordinance cannot, therefore, be held invalid as a violation of the statutory separation of powers.

■ The City's second attack on the validity of the ordinance focuses on an alleged conflict between IC 1971, 18–1–11–1 et seq. (Burns Code Ed.) and the terms of the ordinance. The City relies heavily upon the language of IC 1971, 18–1–11–1 (Burns Code Ed.) which provides that the Board of Safety ". . . shall have the care, management, supervision and exclusive control of all matters and property relating to or connected with" the fire force. However, this power is by no means unbridled. IC 1971, 18–1–11–2 (Burns Code Ed.) provides that the common council, by ordinance, shall have the power to regulate the exercise of the Board's power in a number of important ways. That section reads, in pertinent part, as follows:

"The annual pay of all policemen, firemen and other appointees shall be fixed by ordinance of the common council; and it shall be lawful in such ordinance to grade the members of such forces and to regulate their pay, not only by rank, but by their length of service. In default of any ordinance fixing the compensation of any member of such fire or police force, such commissioners shall have the power to fix the same, subject to change by ordinance. The commissioners, subject to ordinance, may also fix the number of members of such fire and police forces, and the number of appointees for other purposes. They shall, in like manner, divide such city into police precincts and fire districts; and they shall have power, subject to the laws of the state, and the ordinances of the city, to make and promulgate rules and regulations for the appointment of members on such forces, and for their government." IC 1971, 18–1–11–2 (Burns Code Ed.).

---

1. IC 1971, 18–1–1.5–26 (Burns Code Ed.):

 "The legislative power and authority of every city shall be vested in a common council. Unless otherwise provided by law, all powers and duties of a city which are legislative in

nature shall be exercised and performed by the common council. The common council of any city shall not elect or appoint any person to any office or employment whatever, except as expressly provided by statute."

This provision makes it clear that the Board of Safety does not have "exclusive" control of the fire force in the sense that the City maintains it does. Consequently, the ordinance does not conflict with IC 1971, 18–1–11–1 et seq., *supra,* merely because it imposes certain restraints on the Board's power to manage the fire force.

The City next argues that the ordinance conflicts with IC 1971, 18–1–1.5–2(n) (Burns Code Ed.)[2] because it provides for security of employment and prohibits transfers except under stated conditions but fails to establish standards of merit and qualification. Apparently, the City would have this Court construe IC 1971, 18–1–1.5–2 (Burns Code Ed.), which grants extensive powers to cities, to require that a city either exercise a power to the fullest extent permitted under the statute or refrain entirely from exercising it. Such a construction would, however, run contrary to the intent expressed by the Legislature within the Powers of Cities Act itself.

 Under the act, a city may exercise the powers granted in any manner the council deems desirable so long as restrictions contained within the act or within other statutory provisions are not violated:

"Any power conferred upon a city by this chapter [18–1–1.5–1—18–1–1.5–30] or by any other law shall be exercised only in accordance with such method or procedure as may be provided by law. If no method or procedure is provided by law for the exercise of any such power, the common council of any city may, by ordinance, provide a method or procedure for the exercise of such power, and may limit the exercise of any power in any manner not in conflict with this chapter or any other law." IC 1971, 18–1–1.5–17 (Burns Code Ed.).

An examination of the act discloses no provision prescribing a method or procedure for exercising the power granted by IC 1971, 18–1–1.5–2(n), *supra.* Further, the City has directed this Court to no other statute which serves that function, nor to any statute which otherwise limits the council's authority to develop its own procedure for exercising that power. Consequently, the ordinance must be upheld as a lawful exercise of the power granted by IC 1971, 18–1–1.5–2(n), *supra.*

The City's remaining argument concerning the validity of the ordinance is that it provides for judicial review of a decision of the Board demoting a fireman contrary to IC 1971, 18–1–11–3 (Burns Code Ed.). As noted at the beginning of this opinion, the proceeding below was not a review of an administrative act of the Board. The question of whether the ordinance may properly authorize an appeal from a decision of the Board other than as provided in IC 1971, 18–1–11–3, *supra,* is therefore not before this Court.

## II.

### Summary Judgment

As a second ground for reversal, the City argues that the court below erred when it granted summary judgment for appellees. It asserts that certain factual issues which were dispositive of the firefighters' claims remained unresolved at the time the court entered judgment against the City.

 The oft-stated rule is that summary judgment is appropriate only where it appears from the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits and testimony, if any, show that there is no issue as to any material fact and that the moving

2. IC 1971, 18–1–1.5–2 (Burns Code Ed.) provides, in pertinent part, as follows:

"A city shall have power to establish and operate a government for the purpose of carrying out its powers and functions. The power to establish, control and operate a government shall include, but not be limited to, the power to:

\* \* \* \* \* \*

"(n) Establish a system of employment with respect to any class of employees under which such employees would have security of employment and would be hired, promoted, demoted, transferred, discharged, compensated and accorded other benefits and advantages on the basis of merit and qualification; . . . ."

party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C); *Layman v. Atwood* (1977), Ind.App., 370 N.E.2d 933, at 935. Further, the burden is upon the moving party to establish that no issue of fact exists. *Tabani v. Hester* (1977), Ind.App., 366 N.E.2d 193, at 194.

In order to determine whether, under the above standard, summary judgment was properly granted in this case it is necessary to divide the appellees into the following classes according to their claims for relief:

(1) firefighters, other than the former chief, who claimed that they were demoted in violation of the ordinance;

(2) the former chief, who claimed he was demoted to a rank lower than that to which he was entitled under the ordinance; and

(3) firefighters who claimed that they were transferred to different divisions in violation of the ordinance.

▇ The following appellees sought and obtained relief for demotion in a manner contrary to the ordinance: Hubert Bentley, Kenneth Brown, Donald Cochran, Edgar Fenton, Julian Franke, Michael Hamlin, Darvin Kritzman, Max Lane, Robert McCaffery, Robert O'Steen, Richard Pattee, Michael Perriguey, Robert Shieferstein and William White. By the terms of Section 2 of the ordinance, these firefighters were entitled to hold their respective ranks (determined as of the effective date of the ordinance) until they were demoted for cause other than politics in accordance with the terms of the ordinance.[3] Section 3 required that the Board of Public Safety con-

duct a hearing in order to accomplish any demotion.[4]

The City conceded below that no hearing was held regarding the demotion of the above members of the fire force. This admission rendered any further factual inquiry superfluous; for the ordinance conferred upon each member the right to remain in his rank until the Board, after a hearing, found cause for his demotion. Consequently, these firefighters were entitled to judgment as a matter of law, and the court below properly granted the motion for summary judgment as to them.

▇ Appellee Thomas Heckman was the Chief of the Fort Wayne Fire Department prior to the demotions at issue in this case. His claim for relief is therefore governed by the following provision of the ordinance:

"SECTION 7. The Chief may be demoted by the Mayor for such reasons as the Mayor may deem sufficient and without necessity for notice or hearing. Provided, however, the Chief may be demoted one (1) position in rank. In the event there is no vacancy in the rank next below the rank of Chief, he shall be demoted to the next lowest rank in which there is a vacancy and he shall be awarded the first vacancy thereafter occurring in the rank next below the rank of Chief. (Provided, however, whenever a vacancy occurs in any rank intermediate between the rank to which he is demoted and the rank next below the rank of Chief, he shall be promoted to such vacancy until he has been returned to the rank next below the rank of Chief. Provided, further, he shall in no event receive compensation less than

---

3. "SECTION 2. With the execption [sic] of the Chief, every member of the Fire Department appointed by the Mayor or by the Board of Public Safety shall hold his present rank, or such rank as he may hereafter attain, unless and until he is demoted by the Board in compliance with the terms of this Ordinance. A member may be demoted only for cause other than politics, after written notice from the Chief is served upon him in person or by copy left at his last and usual place of residence notifying him of the time and place of a hearing. Said notice shall contain the written rea-

sons for such request for demotion, and shall be served upon the member at least ten (10) days prior to the date set for said hearing." Fort Wayne General Ordinance, No. G–29–75

4. "SECTION 3. The Board of Public Safety shall then hold a hearing upon the question as to whether or not said member shall be demoted. The member may appear in person and by counsel and present evidence in response to the charges filed against him." Fort Wayne General Ordinance, No. G–29–75

that paid members serving in the rank next below the rank of Chief.)" Fort Wayne General Ordinance, No. G–29–75

While Heckman's answers to the City's interrogatories disclose that he served in the rank of assistant chief after being demoted from the rank of chief, there is nothing in the record which shows whether or not that rank was one to which he could properly be assigned under the terms of Section 7. Before the trial court could order the City to restore Heckman to the rank next below the rank of chief it would be required to determine whether or not the rank of assistant chief was the rank next below the rank of chief and, if it was not, whether or not vacancies existed in intermediate ranks to which Heckman would be entitled under Section 7. Since these factual issues were unresolved below, summary judgment was inappropriate as to Heckman's claim to a specific rank. TR. 56(C); *Layman v. Atwood, supra.* However, that portion of the judgment directing that Heckman be compensated at the rate provided for the rank next below the rank of chief must be sustained, for Section 7 plainly required that result.

 The trial court also granted relief to the remaining appellees, Donald Cochran and Roland Brown, who allegedly had been transferred to different divisions of the fire department in violation of Section 9 of the ordinance. That section permits such transfers only for medical reasons or at the request of the member. No notice or hearing is required for such transfers.

An examination of the record by this Court discloses no basis for the trial court's implicit conclusion that Brown and Cochran were transferred from one division to another for a reason other than those permitted by the ordinance. The question of whether or not they were transferred for either of the permissible reasons was clearly one of material fact, one which the City was entitled to have resolved at a trial. Consequently, summary judgment should not have been granted as to those appellees.

### III.
### Sufficiency of Judgment

 The City next argues that the judgment below is defective for three separate reasons. It is argued that because the judgment did not order the City to pay an exact dollar amount to appellees, it was defective for uncertainty. The City cites the case of *First Nat'l Bank v. Crone et al.* (1973), 157 Ind.App. 665, 301 N.E.2d 378, in support of the proposition that a judgment must specify the damages awarded or it is defective.

*First National Bank* is clearly distinguishable. That case was a multi-party action involving the right of a bank to enforce a security interest in certain property. The judgment rendered, which was found deficient on appeal, read, in its entirety, as follows: " 'The Court finds against the defendant Johnson.' " 301 N.E.2d at 382. No mention was made of one of the parties-defendant nor of a specific sum due from the one named.

In the instant case the judgment named each party-plaintiff and specified the relief to which he was entitled. The City was ordered to pay to each demoted firefighter an amount equal to the

> "differential in pay, if any, between [the] rank held on December 31, 1975 [prior to the demotions] and rank served in on or since January 5, 1976 [the effective date of the demotions], together with 8% interest thereon, forthwith."

A similar provision was made for former Chief Heckman.

Since the payroll records of the City would undoubtedly disclose the rates of compensation for each rank in the fire department, it would appear that the calculation of the amounts due each appellee would be simple and straightforward. Thus, there appears no basis whatever for concluding that the judgment was so uncertain as to make compliance with its terms a difficult or burdensome task. For that reason this Court would not, absent other reversible error, disturb a judgment such as the one entered here on the sole ground

that it was not sufficiently certain. However, since the resolution of other issues in this case requires that it be remanded for further proceedings, the trial court should take the opportunity so presented to perform the arithmetic calculations called for in the original judgment.

█ As an alternative ground for holding the judgment below defective, the City argues that the court failed to designate the issues and claims upon which it found no issue as to any material facts. This issue was not properly preserved by inclusion in the City's Motion to Correct Errors, and it is therefore waived on appeal. Ind.Rules of Procedure, Trial Rule 59(G).

Finally, the City maintains that the judgment below is deficient because it fails to include a finding of facts as required by Trial Rule 52(A)(2). This issue was also waived by failure to include it in the Motion to Correct Errors. TR. 59(G). Further, even if it were not waived, the argument thereon is totally without merit since TR. 52(A)(2) is inapplicable to the instant case for the reasons stated earlier in this opinion.

### IV.

#### Propriety of Relief Granted

The final issue to be resolved in this appeal is whether the court below properly granted relief in the form of an order requiring the City to restore appellees to ranks and divisions to which they were entitled.

In support of its argument that the court below granted excessive relief, the City relies on the case of *City of East Chicago v. State ex rel. Pitzer* (1949), 227 Ind. 241, 84 N.E.2d 588, for the proposition that a wrongfully demoted or transferred fireman has as his sole remedy an action for damages for breach of contract. A complete reading of the *Pitzer* decision discloses that an order reinstating wrongfully discharged firemen was *upheld* in that case. 84 N.E.2d at 595. The remedy denied to the firemen was the right to maintain an action for mandate to compel the City to pay them

their full salaries for the time they were wrongfully prevented from discharging their duties. The proper remedy, the court noted, was an award of damages in an amount equal to the salaries to which they would have been entitled if permitted to work, less any amounts earned in other employment. 84 N.E.2d at 594. Precisely that relief was granted to the demoted firemen in the case at bar, for the "other employment" engaged in by Bentley, et al., was service in a lower rank of the fire force.

█ A second argument advanced by the City in support of its contention that mandatory relief was improper is similarly specious. IC 1971, 18–2–4–1 (Burns Code Ed.), quoted by the City in its brief, prohibits the courts of this state from issuing any mandate or injunction against a municipality *in order to execute upon an already existing judgment.* It in no way restricts the right of a court to fashion appropriate relief when rendering a judgment.

### V.

#### Conclusion

For the reasons stated in Part II of this opinion the summary judgment in favor of Thomas Heckman is reversed in part and the summary judgment in favor of Donald Cochran and Roland Brown is reversed.

For the reasons stated in Part III of this opinion the remainder of the judgment is remanded for calculation of the exact amount of money damages to be paid.

The judgment is in all other respects affirmed.

Affirmed in part, reversed in part, and remanded with directions.

STATON, J., concurs in result with opinion.

GARRARD, P. J., concurs in part and dissents in part with opinion.

STATON, Judge, concurring in result.

I concur in result. I would hold that there is no need for the trial court to calcu-

late the money damages, since the exact amount of damages is reflected by the guidelines set forth in the judgment. Furthermore, the exact amount may not be ascertainable at the time of judgment, since the exact amount will depend upon when the City restores the firemen to their previous payroll levels. Furthermore, unless the trial court has the current payroll records before it, there is a considerable opportunity for error. If the trial court sets forth an exact amount, further litigation may result. Therefore, I would not require the trial court to calculate the exact amount of damages to be paid. The exact amount will depend upon the administrative action of the City.

As to the remainder of the majority opinion, I concur.

GARRARD, Presiding Judge, concurring in part and dissenting in part.

It appears to me that what we have done today is fashion relief pursuant to Indiana Rules of Procedure, Appellate Rule 15(N) to affirm the power of the Ft. Wayne Common Council to enact the ordinance in question. I do not disagree with that result since I believe that IC 18–1–11–3 was intended by the legislature to provide minimum protection for firemen and was not intended to occupy the field. *Cf. State ex rel. Geake v. Fox* (1902), 158 Ind. 126, 63 N.E. 19 affirming the legitimate local interest in regulating municipal fire departments. Accordingly, I do not find, either, that the statute creates a separation of powers question between the legislative and executive branches of local government.

However, as to the approach taken by the majority, I must disagree. The form of the trial court's order was one of "total" summary judgment. That was improper. The only facts properly before the court were the due enactment of the ordinance and that the firemen who were entitled to notice and hearing received none. The amount of damages they sustained, whether the chief was properly demoted, and questions concerning transfers of division and shift *all* contain material issues of fact which could not properly be disposed of on the basis of the materials before the court.

I therefore would remand for trial on the question of damages and concur in result as to the other dispositions.