Richard D. SOWERS, Raleigh E. Myers, and Richard Robertson, Plaintiffs-Appellees,

v.

CITY OF FORT WAYNE, INDIANA, et al., Defendants-Appellants.

No. 83–2590.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1984.

Decided June 14, 1984.

quent motions, are excludable under other sub-

Larry J. Burke, Fort Wayne, Ind., for plaintiffs-appellees.

David B. Keller, Corp. Counsel City of Fort Wayne, Fort Wayne, Ind., for defendants-appellants.

Before BAUER, WOOD and POSNER, Circuit Judges.

PER CURIAM.

On September 19, 1980, plaintiffs-appellees, fire fighters employed by the Fort Wayne Fire Department, filed this § 1983 action against the City of Fort Wayne, its mayor, its fire chief, its board of public safety, and several board members, challenging, as violative of their First Amendment right of freedom of association and their Fourteenth Amendment right not to be deprived of property without due process of law, their demotions from the rank of officers to the rank of privates. Count I of the complaint alleged that plaintiffs were demoted because they were not members of the Democratic Party. Count II alleged that plaintiffs were demoted with-

sections of section 3161.

out just cause and without due process of law. Plaintiffs sought, *inter alia,* unconditional reinstatement to their predemotion ranks.

Plaintiffs' motion for summary judgment, addressed to the due process claim, was granted on June 28, 1983.[1] The magistrate rejected defendants' contention that the Board was not required to comply with the notice and hearing provisions of Ind. Code § 18–1–11–3 and local ordinance G–29–75 because plaintiffs assertedly were demoted for economic reasons. The magistrate ordered defendants to reinstate plaintiffs to their pre-demotion positions, but reserved ruling on the amount of damages to which plaintiffs were entitled. The reinstatement order was stayed pending appeal. Defendants invoke this court's jurisdiction of appeals from interlocutory orders granting injunctions. 28 U.S.C. § 1292(a)(1).

## I

The material facts of this case are undisputed. In January, 1976, certain officers of the Fort Wayne Fire Department were demoted and plaintiffs were concomitantly promoted. The demoted officers brought suit against the city, alleging that they were demoted without cause and without due process in violation of local ordinance G–29–75, and were therefore entitled to reinstatement to their pre-demotion ranks. The Allen County Superior Court agreed, as did the state appellate court. *City of Fort Wayne v. Bentley,* 390 N.E.2d 1096 (Ind.App.1979). In compliance with the *Bentley* remedial order, the outgoing city administration reinstated the *Bentley* plaintiffs to their pre-demotion ranks in late 1979, without effecting any concomitant demotions. On January 1, 1980, the new

administration took office. On January 8, 1980, the Board of Public Safety, via resolution, demoted plaintiff Sowers from the rank of Assistant Fire Chief to that of Private, plaintiff Myers from the rank of District Chief to that of Private, and plaintiff Robertson from the rank of Captain to that of Private.[2] The resolution stated that the *Bentley* decision had established that the *Bentley* plaintiffs were wrongfully demoted from their offices in 1976 and that "other fire fighters were wrongfully appointed to said offices." The resolution further noted that despite the reinstatement of the *Bentley* plaintiffs to their former offices, the fire fighters serving in those offices when the reinstatements were made continued to serve. Deeming such duplication of personnel "undesirable," the Board resolved to demote plaintiffs.

Plaintiffs were afforded neither notice nor an opportunity to be heard. Rather, notices were sent to plaintiffs informing them that they had been demoted "[p]ursuant to the finding of judgment in the case entitled Bentley vs. The City of Fort Wayne . . . ."

## II

Plaintiffs submit that the magistrate correctly determined that property interests in their pre-demotion positions were created by state statute and local ordinance and that they were deprived of this property without due process of law. Apparently changing course in mid-stream, defendants now insist that "this is not a case of demotion for economic reasons." Rather, they argue on appeal that plaintiffs had no legitimate claim of entitlement to their pre-de-

---

1. Plaintiffs' initial motion for summary judgment on their First Amendment claim was denied.

2. At the time of their demotions, plaintiffs Myers and Robertson held ranks that had been held by two of the *Bentley* plaintiffs prior to their demotions in 1976. The rank of Assistant Fire Chief, held by plaintiff Sowers at the time of his demotion, had been held by one of the

*Bentley* plaintiffs in 1972. That rank was abolished in 1973, and the *Bentley* plaintiff was assigned the rank of Assistant Chief of Operations, from which he was demoted in January, 1976. The rank of Assistant Chief of Operations was later eliminated and the rank of Assistant Fire Chief recreated. The *Bentley* plaintiff was reinstated to the rank of Assistant Fire Chief.

motion positions because their promotions were invalid in the first instance.[3]

The parties agree that at the time of plaintiffs' demotions, the following statute was in effect:

> [E]very member of the fire and police forces, with the exception of the fire and police chiefs, ... shall hold *office or grade* until they are removed by [the Board of Public Safety or the Board of Metropolitan Police Commissioners]. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board.

Ind.Code § 18–1–11–3(a)(3). In addition, section 2 of General Ordinance G–29–75 provided that:

> With the exception of the Chief, every member of the Fire Department appointed by the Mayor or by the Board of Public Safety shall hold his present rank, or such rank as he may hereafter attain, unless and until he is demoted by the Board in compliance with the terms of this Ordinance. A member may be demoted only for cause other than politics, after written notice.... Said notice shall contain the written reasons for such request for demotion, and shall be served upon the member at least ten (10) days prior to the date set for said hearing.

Both the statute and the ordinance entitle a fire fighter not only to continued employment, but to hold his rank unless and until the Board, after a hearing, finds cause other than politics for his demotion. Defendants do not dispute that these state and local laws have created a property interest in rank of which a fire fighter may not be deprived without due process of law. *State ex rel. Miecznikowski v. City of Hammond,* 448 N.E.2d 1239, 1243–44 (Ind. App.1983); *City of Fort Wayne v. Bentley,* 390 N.E.2d 1096; *Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). *Cf. Lyznicki v. Board of Education, School District 167, Cook County, Illinois,* 707 F.2d 949 (7th Cir.1983) (statute that confers right to a hearing prior to demotion from position of principal to teacher, but does not limit school board's discretion to demote for any reason, does not create property interest in continued employment as principal). Rather, they contend that one who is wrongfully promoted to a position has no legitimate claim of entitlement to it. They reason that because the *Bentley* plaintiffs were wrongfully demoted without just cause and without due process of law, plaintiffs necessarily were wrongfully promoted; defendants therefore were entitled to demote plaintiffs without due process of law. We find defendants' position indefensible.

Defendants can find no succor in cases such as *City of Frankfurt v. Logan,* 341 N.E.2d 510 (Ind.App.1976), in which plaintiff police officer brought suit against the city alleging he was denied due process of law when the city discharged him without affording him the notice and hearing mandated by Ind.Code § 18–1–11–3. The court determined Logan was not entitled to the protection of the statute because his appointment to the police department at the age of 41 was in violation of an Indiana statute providing that no person is eligible for appointment as a police officer after attaining the age of 35. We fail to see how this, and other cases cited by defendants in which the plaintiff lacked some legal qualification for the position to which he was appointed, support defendants' position; there has been no suggestion that plaintiffs were not fully qualified to hold the positions to which they were appointed. Nor do defendants suggest that the appointing

---

**3.** It is well-established that this court will not ordinarily address issues that were not presented to the district court. However, because defendants' memorandum in opposition to plaintiffs' motion for summary judgment has not been included in the record on appeal, we are unable to determine whether the argument defendants focus upon here was presented to the magistrate. We therefore will address it.

authority lacked the statutory authority to do so.

Contrary to defendants' assertion, plaintiffs' validity effected promotions were not rendered invalid when the *Bentley* plaintiffs' demotions were judicially declared to have been effected in violation of their due process rights. Plaintiffs were not parties to the *Bentley* litigation; that decision neither declared plaintiffs' rights to their pre-demotion positions, nor adjudicated the *Bentley* plaintiffs' rights to their pre-demotion positions vis-a-vis plaintiffs.

In conclusion, we hold that plaintiffs had property interests in their pre-demotion ranks of which they could be deprived only for cause and only in accordance with due process of law. The clear admonition of *Bentley* went unheeded: in complying with a court order to remedy violations of the *Bentley* plaintiffs' due process rights, defendants infringed plaintiffs' due process rights.[4]

Although defendants still insist that demotions for economic reasons may be effected without due process of law, as previously noted, they have abandoned the argument that plaintiffs were demoted for economic reasons. We therefore need not decide whether the due process protections of Ind.Code § 18-1-11-3 and local ordinance G-29-75 apply in such circumstances.

For the reasons stated herein, we affirm the magistrate's grant of summary judgment in favor of plaintiffs.[5]

---

**4.** Whether the alleged "duplication of personnel" brought about by the court-ordered reinstatement of the *Bentley* plaintiffs would be sufficient cause for the demotion of plaintiffs is not an issue before us.

**5.** Defendants have not challenged the propriety of the equitable remedy provided in this case. Although plaintiffs are to be reinstated, defendants remain free to demote plaintiffs for just cause and in accordance with due process.