Alyssa POZNANSKI, a Minor by her Parent and Next Friend, Heather POZNANSKI, and Heather Poznanski, individually, Appellants–Plaintiffs,

v.

George HORVATH, Appellee–Defendant.

No. 71A03–0101–CV–34.

Court of Appeals of Indiana.

June 22, 2001.

Daniel H. Pfeifer, Jon A. Criss, Sweeney, Pfeifer, Morgan & Stesiak, South Bend, Indiana, Attorneys for Appellants.

Lynn M. Butcher, South Bend, Indiana, Attorney for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

Alyssa Poznanski and her mother, Heather Poznanski, appeal the trial court's grant of summary judgment in favor of George Horvath—the owner of the dog

that bit Alyssa. In particular, they contend that the trial court erroneously found that there was no genuine issue of material fact regarding whether Horvath knew or should have known of his dog's vicious propensity and whether Horvath exercised reasonable care with respect to the confinement or restraint of his dog. In addition, they argue that the trial court erred in granting summary judgment when Horvath was negligent *per se*. Because there were issues of material fact precluding summary judgment, we reverse and remand.

### Facts and Procedural History

Horvath owned a mixed breed sheepdog named Hey. On July 23, 1997, Horvath returned home from work and let Hey outside. Hey was not on a leash or a chain and was not behind a fence. Horvath retreated inside to take a shower. While he was inside his home, Alyssa Poznanski and her mother walked by Horvath's home. Hey bit Alyssa without provocation. Until this incident, Hey had never bitten anyone before, and no one had ever complained to Horvath about Hey. In fact, Hey was a well-behaved dog that did not usually wander beyond Horvath's yard. Horvath's home was located in South Bend near a school.

The South Bend Municipal Code states in Article 3, Section 5–8 that "Every owner and/or his agent of an animal within the City shall see that his or her animal ... is properly restrained and not at large." Appellant's App. at P. 91. The Code defines "at large" as "any animal that is not under restraint." *Id.* at P. 92.

The Poznanskis sued Horvath for personal injuries and medical expenses. Horvath filed a motion for summary judgment. The trial court granted the motion for summary judgment. The trial court's order stated:

[T]he Court ... now finds that there is no genuine issue of material fact with respect to whether Defendant knew or should have known, of any vicious propensities of the dog involved in Plaintiff's Complaint; and further finds by reason thereof that Defendant is entitled to judgment as a matter of law.

*Id.* at P. 139. This appeal followed.

### Discussion and Decision

The Poznanskis contend that the trial court erroneously granted summary judgment because there was a genuine issue of material fact regarding whether Horvath knew or should have known about his dog's vicious propensity and whether Horvath exercised reasonable care with respect to the confinement or restraint of his dog. In addition, they assert that the trial court erred in granting summary judgment when Horvath violated South Bend's dog restraint ordinance.

Upon review of the grant or denial of a motion for summary judgment, we apply the same legal standard as the trial court. *Clark v. CSX Transp., Inc.*, 737 N.E.2d 752, 757 (Ind.Ct.App.2000), *reh'g denied.* Summary judgment shall be granted if the designated evidence shows that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. *Id.* Once the moving party has sustained its initial burden of showing the absence of a genuine issue and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts showing a genuine issue for trial. *Id.* We will resolve any doubt as to fact or inference to be drawn from the evidence in favor of the party opposing the motion. *Id.*

█ The Poznanskis proffer three reasons the trial court erred in granting summary judgment for Horvath. First,

the Poznanskis assert that there was a genuine issue of material fact regarding whether Horvath knew or should have known that his dog had vicious propensities. In a deposition, Horvath testified that his dog was well-behaved and had never bitten anyone before this incident. Under Indiana common law, all dogs, regardless of breed or size, are presumed to be harmless, domestic animals. *Royer v. Pryor,* 427 N.E.2d 1112, 1117 (Ind.Ct.App. 1981). The presumption is overcome by evidence of a known or dangerous propensity as evidenced by specific acts of the particular animal. *Id.* A dangerous propensity is a tendency of the animal to do any act that might endanger the safety of persons or property in a given situation. *Ross v. Lowe,* 619 N.E.2d 911, 914 (Ind. 1993).

 When negligence is claimed, in the absence of evidence the owner knew or should have known of a vicious tendency, the rule is simply that the owner of a domestic animal is bound to know the natural propensities of the particular class of animals to which the animal belongs. *Burgin By and Through Akers v. Tolle,* 500 N.E.2d 763, 766 (Ind.Ct.App.1986). If these propensities are the kind which might be reasonably expected to cause injury, the owner must use reasonable care to prevent the injuries from occurring. *Id.* Reasonable care requires that the care employed and the precautions used be commensurate with the danger involved under the circumstances of a particular case. *Ross,* 619 N.E.2d at 914. The safeguards to be used, the precautions to be observed, and the foresight to be exercised differ in each case, and are usually matters to be resolved by the jury. *Id.*

██ While these matters are generally jury questions, we must examine whether a jury question remains when an owner does not know of an animal's vicious tendencies yet the animal bites a child without provocation. We addressed this issue in *Layman v. Atwood,* 175 Ind.App. 176, 370 N.E.2d 933 (1977). In *Layman,* the owner's dog bit a child. In affidavits, the owners provided that before the incident involved in the lawsuit, their dog had never bitten or harmed anyone to the best of their knowledge. On appeal, we held that this "did not resolve the factual inquiry of whether or not [the owners] had knowledge of any vicious propensities of their dog generally." *Id.* at 935. Additionally, we stated "[a] jury could reasonably infer that the very act of unprovoked biting by the [owner's] dog was evidence of the animal's vicious tendencies." *Id.*

Likewise, here, the very fact that Hey bit Alyssa without provocation is evidence from which a reasonable inference can be made that Hey had vicious tendencies. Further, it may be inferred that if the dog had vicious tendencies based on this one incident, then similar to *Layman,* a question of fact exists as to whether Horvath knew or, at the least, should have known of these tendencies.

Moreover, we have stated that "animals are not necessarily entitled to one free bite before their owners may be held liable in negligence" and that whether owners should be liable in negligence is a fact sensitive issue to be resolved by the trier-of-fact on a case-by-case basis. *Hardsaw v. Courtney,* 665 N.E.2d 603, 608 (Ind.Ct. App.1996), *reh'g denied.* Thus, the trial court erred in granting summary judgment because there was a genuine issue of material fact regarding whether Horvath knew or should have known of the dog's vicious propensities.

 Second, the Poznanskis contend that the trial court erred in granting summary judgment because there was a genuine issue regarding whether Horvath exer-

cised reasonable care in the confinement or restraint of his dog. Any given method of restraining a dog may or may not be adequate under the specific facts of a particular case. *Plesha v. Edmonds ex rel. Edmonds*, 717 N.E.2d 981, 988 (Ind.Ct. App.1999). However, what precautions should have been observed and what foresight should have been exercised are questions more appropriately reserved for the trier of fact. *Id.* Here, the dog was neither fenced in nor on a leash when it bit Alyssa. In addition, the dog was on property near a school where children are likely to be. Since the trier of fact may infer Horvath knew or should have known of a vicious propensity based on Hey's unprovoked biting of Alyssa, the jury may also reasonably infer that Horvath failed to exercise reasonable care in keeping Hey unleashed.

Nonetheless, Horvath relies on several cases in support of his contention that the trial court properly granted summary judgment. In particular, he cites *Baker v. Weather ex rel. Weather*, 714 N.E.2d 740 (Ind.Ct.App.1999), *Vetor by Weesner v. Vetor*, 634 N.E.2d 513 (Ind.Ct.App.1994), *Goddard by Goddard v. Weaver*, 558 N.E.2d 853 (Ind.Ct.App.1990), and *Royer v. Pryor*, 427 N.E.2d 1112 (Ind.Ct.App. 1981). However, these cases are distinguishable from this case. Specifically, in these cases cited by Horvath, the dog-bite victim sued the owners of the property where the bite occurred, but the property owners did not own the attacking dog. Here, the Poznanskis sued Horvath, who was both the landowner and the dog owner. This is an important distinction as a dog owner has different liability than a landowner. As the dog owner, Horvath was in a better position to know of any

vicious tendencies of his dog than a mere landowner. Thus, we are not persuaded by the cases relied on by Horvath.

Horvath also relies on *Burgin By and Through Akers v. Tolle*, 500 N.E.2d 763 (Ind.Ct.App.1986), to support his contention that the trial court properly granted summary judgment. Burgin filed suit for injuries sustained as a result of a dog bite she received from the owner's dog. The owner moved for summary judgment, which the trial court granted. On appeal, we affirmed the grant of summary judgment because there was no evidence to suggest the owner knew or should have known of vicious tendencies on the part of the dog. But, *Burgin* can be distinguished from this case because in *Burgin* the evidence revealed that the child provoked the dog to bite her. Specifically, while attempting to jump over the dog, the child landed on the dog, causing the dog to bite her. In this case, there is no evidence that Alyssa provoked Hey to bite. Without such provocation, we do not find *Burgin* to be controlling.

 Finally, the Poznanskis argue that the trial court erred in granting summary judgment because Horvath was negligent *per se*. In particular, the Poznanskis contend that Horvath violated a South Bend dog restraint ordinance, making him negligent *per se*.[1] Initially, we note that Horvath contends that this argument should be stricken because the Poznanskis did not raise it in their complaint. However, Indiana is a notice pleading state. *Hansford v. Maplewood Station Bus. Park*, 621 N.E.2d 347, 356 (Ind.Ct.App. 1993). Accordingly, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case; however, a pleading must plead the operative

---

1. Interestingly, the Poznanskis did not file their own motion for summary judgment requesting that the court find Horvath negligent *per se* because of his alleged violation of the South Bend dog restraint ordinance.

facts so as to place the defendant on notice as to the evidence to be presented at trial. *Id.* Here, the Poznanskis provided the relevant facts supporting the claim. Additionally, the Poznanskis raised negligence *per se* as a theory in their Response in Opposition to Defendant's Motion for Summary Judgment. Therefore, we address this issue.

Horvath asserts that there are no issues of material fact with respect to this claim. However, we find that there are material facts in dispute. The South Bend Municipal Code, states in Article 3, Section 5–8 that "Every owner and/or his agent of an animal within the City shall see that his or her animal ... is properly restrained and not at large." Appellant's App. at P. 91. The Code defines "at large" as "any animal that is not under restraint." *Id.* at 92. The unexcused or unjustified violation of a duty proscribed by a statute or ordinance constitutes negligence *per se* if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation. *Town of Montezuma v. Downs,* 685 N.E.2d 108, 112 (Ind.Ct.App.1997), *trans. denied.* In order for a violation of a statute or ordinance to be held as negligence *per se,* a trier of fact must determine whether the statute is applicable. *Dawson by Dawson v. Long,* 546 N.E.2d 1265, 1268 (Ind.Ct. App.1989), *trans. denied.* Furthermore, the trier of fact must determine whether the violation of the ordinance occurred and, if so, whether the violation proximately caused the injury.

We addressed a similar ordinance in *Plesha v. Edmonds ex rel. Edmonds,* 717 N.E.2d 981 (Ind.Ct.App.1999). In *Plesha,* the Pleshas' dog bit a child in Hammond where there was an ordinance similar to the one in this case. The trial court ruled that the dog owners' violation of the ordinance was the proximate cause of the dog bite injuries. On appeal, we affirmed this ruling. In doing so, we noted that the ordinance was intended to protect the class of persons in which the child was included and to protect against the risk of the type of harm which had occurred as a result of its violation. Further, we found that the evidence was sufficient to show that the owner violated the ordinance and that this violation proximately caused the child's injuries. Thus, we held that a dog owner may be negligent *per se* as a result of violating an animal restraint ordinance. Here, there are material issues of fact regarding whether Alyssa is a member of the class protected by the ordinance, whether Horvath violated the ordinance, and whether the violation proximately caused Alyssa's injuries.

Judgment reversed and remanded.

ROBB, J., and BROOK, J., concur.