No. 109.

## EICHEL ET AL. *v.* SENHENN.

NEGLIGENCE.—*Driving Cattle through Streets.*—Persons driving cattle through the streets of cities or towns are bound to use the utmost diligence and care to avoid injuries to passersby.

SAME.—Where one might have avoided an accident, yet if he, in good faith, and with ordinary prudence, acted upon appearances and was deceived thereby, negligence will not be imputed to him.

SAME.—*Contributory.— When Question for Jury.*—Where the evidence of contributory negligence is conflicting, or the inferences to be drawn from it are doubtful, or not clear, the court will not decide as a matter of law whether or not there was contributory negligence, but under proper instructions will leave the question to the jury as one of fact.

INSTRUCTIONS TO JURY.— *Waiver of Objections.*—A party can not object on appeal that the instructions given by the court were not sufficiently comprehensive and definite, if he fails at the trial to submit to the court instructions supplying the omission complained of.

APPELLATE COURT.— *Weight of Evidence.*—The Appellate Court will not disturb the judgment because of a failure in the evidence to sustain the verdict.

From the Vanderburgh Superior Court.

*J. T. Walker,* for appellants.

*J. Brownlee* and *W. H. Gudgel,* for appellee.

REINHARD, J.—This action was brought by the appellee against Eichel and Weil, the appellants, to recover damages for injuries sustained by appellee from a steer belonging to appellants, which ran against and over the appellee while driven through the streets of the city of Evansville by the employees of the appellants. The theory of the complaint is negligence in driving the animal.

There was a trial by jury and a verdict and judgment for appellee over a motion for a new trial.

The only error assigned is the overruling of the motion for a new trial.

The causes assigned for a new trial call in question the sufficiency of the evidence to sustain the verdict.

We gather from the evidence that Eichel and Weil had in

their employment, one McKeever, who drove to their stock-yard from the steamboat landing two steers which had been shipped to them by boat, on the Ohio river. McKeever was riding a horse while driving the animals, and there is evidence tending to prove that he was driving them very fast. Senhenn, the appellee, in going from his home to his work, after dinner, was run over by one of these steers. Senhenn was at the time on the sidewalk, and a few paces in the rear of him was a blind man named Racine, to whom he called, when he saw the cattle approaching at a fast run, urging him to stand close to the fence near by to save himself from being run over. Racine obeyed the warning and escaped unhurt. Not so with the appellee, however. He testifies in relation to the subject, as follows:

" The big steer was coming towards me rapidly, running on the sidewalk. I had a gum overcoat on my arm and shoved it at him as he was coming toward me. It was done so quick there was no chance to get out of the way. The steer knocked me in the face, breast and stomach, knocked me into the middle of the street, in the mud. Knocked me down and ran over me. There was blood in my mouth. I got up and staggered home and washed myself up. One of my teeth was broken off and one knocked so loose that Dr. Wedding pulled it out next morning with his fingers. They were my upper front teeth. Had pains in my neck, stomach and back; felt very bad. I made three visits to Dr. Wedding. He gave me two or three prescriptions. Kind of black, stringy blood passed from me for about a month. I spit blood for eight or ten days, perhaps two weeks. * * I shoved the coat at the steer to scare him off, to keep him from striking me. Do not think I had a chance to get out of the way. I thought the steer would get off the sidewalk. The steer had his head up; he appeared to be wild and frightened. It was done in a second. I did not hear any one holler. * * The sidewalk is a brick pavement about

ten feet wide. A great many people pass along the street at that time of day, and school children going to school."

One of the questions presented for our determination is whether the facts proved were sufficient to authorize the jury to find that McKeever, who drove the steers, was guilty of negligence.

Persons driving cattle through the streets of cities or towns are bound to use the utmost diligence and care to avoid injuries to passers-by. Their liability is somewhat in the nature of that of a common carrier. *Ficken* v. *Jones*, 28 Cal. 618. The court in that case says:

" It is a matter of importance to understand what is the rule in respect to the degree of care and diligence which parties engaged in driving cattle, reared in the rural portions of the country, through the streets of a populous town or city must observe and exercise, in order to prevent the happening of injuries to those lawfully in such streets, and necessarily exposed to dangers which they may not have the power to avert, and from which there may be no way of escape. It is impossible for a person acquainted with the disposition of cattle raised upon farms or in the open country, notwithstanding they may be what are commonly known as tame cattle, to be oblivious to the fact that when brought into and conducted through the highways of a city, they are apt to become alarmed and excited by the presence of many people, and at the sight of new and strange objects, and by the noise and confusion around them on every side. From such exposure cattle often become wild and difficult of management, and not unfrequently some of them become fierce from fright, if not so before then, and dangerous to people who may not be aware of their presence.

" In all cases where, by the conducting of any lawful business, the lives and limbs of human beings are placed in peril, the law requires of the proprietors and managers of that business the utmost care and diligence. The driving of cattle through the streets of a city is attended with danger to

Eichel *et al. v.* Senhenn.

persons who are of right there, and who can justly demand that the care, diligence and skill essential to their safety shall be commensurate with the necessities of the case.   It is not impossible that injuries may happen in such cases, even though the utmost care and skill which the law exacts of the managers of such business may have been exercised ; and before a person can be condemned in damages by the verdict of a jury the party complaining of an injury resulting from negligence or want of skill in the conduct of that business must establish facts constituting a basis from which the fact in issue may be found."

Besides the testimony of appellee above set out, there was evidence tending to show that the steer was " overheated and feverish," foaming at the mouth running along in a wild manner, etc.

These and other facts and circumstances proved upon the trial furnished the jury a basis for the conclusion that the cattle were overdriven, or otherwise unskilfully handled by the driver, from which they had a right to infer negligence.

Appellants, however, seem to place their case upon the ground that appellee was guilty of contributory negligence in not standing out of the way and letting the steer run past him, as did the blind man, at appellee's suggestion.

The appellee says it was all done before he had time to think.   According to his statement he did not run at the steer with his gum coat, as claimed by appellants, but that he waved the coat at the animal from where the appellee stood, hoping thus to frighten it away.   Whether or not the facts made a case of unmixed negligence, or whether contributory negligence was established by the appellants, were questions which, under the circumstances, we think were properly left to the jury under the court's instructions. *Pittsburgh, etc., R. W. Co.* v. *Wright,* 80 Ind. 236 ; *Ramsey* v. *Rushville, etc., G. R. Co.,* 81 Ind. 394 ; *Town of Albion* v. *Hetrick,* 90 Ind. 545.

We can not say that the appellants have shown this court

from the record that the conduct of appellants' agent and employee was such as under all the circumstances might have been expected of an ordinarily prudent man. *Pennsylvania Co.* v. *Marion,* 104 Ind. 239.

Even if the appellee might have avoided the accident, yet if he, in good faith, and with ordinary prudence, acted upon appearances and was deceived thereby, negligence will not be imputed to him. *Chicago, etc., R. R. Co.* v. *Hedges,* 105 Ind. 398.

Where the evidence of contributory negligence is conflicting, or the inferences to be drawn from it are doubtful, or not clear, the court will not decide as a matter of law whether or not there was contributory negligence ; but under proper instructions will leave the question to the jury as one of fact. *Indiana Car Co.* v. *Parker,* 100 Ind. 181.

The contention that the appellee voluntarily placed himself in the way of the animal, and shook his coat at it, is not established by uncontradicted evidence.

It is not our duty, or province, to weigh the evidence, We can not disturb the judgment because of a failure in the evidence to sustain the verdict.

Appellants' counsel complains of instructions given by the court of its own motion. He says instruction No. 2 was not full enough, but "should have gone further, and stated that if there was a course which was open to the plaintiff to adopt, by which he might easily have escaped the injury, it would have been his duty to have adopted such means of escape."

Appellants' counsel does not point out wherein the instruction is wrong, so far as it goes. If he thought it should have been a more comprehensive statement, he should have prepared and submitted such an instruction as he regarded proper and necessary. Having failed to do this he can not complain of the action of the court. We think this instruction is substantially correct.

Nor do we think instruction No. 4 open to the objection made by the appellants. It is urged against it that it is not

sufficiently definite, and should have defined " what degree of care was necessary for the defendants to exercise in the driving of cattle," etc.   As in the other instance, if the appellants desired more definite and comprehensive instructions upon this subject, it was the duty of counsel to prepare and submit them to the court.    The instruction is a correct statement of the law.

These remarks apply also to instructions Nos. 6 and 7, which are objected to, and criticised, for very similar reasons.

We have carefully examined all the questions made for our consideration, and have not been able to discover any substantial error.

Judgment affirmed.

