## CALEF *v.* JESSWEIN ET AL.

[No. 14,116. Filed June 4, 1931. Rehearing denied October 5, 1931. Transfer denied December 15, 1931.]

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl* and *George W. Omacht,* for appellant.

*Orie Parker, Joseph J. Kovacs* and *Alfred E. Martin,* for appellees.

NEAL, C. J.—Appellant prosecuted this suit as plaintiff in the *nisi prius* court against the defendants, appellees herein, for an injunction to enjoin the defendants from entering upon certain premises alleged to have been leased by the defendants Jessweins to the plaintiff, and hauling away therefrom sand and gravel located thereon. Defendants answered by general denial.

A special finding of facts was requested, whereupon the court found the facts specially and stated its conclusions of law thereon. The only errors assigned, all of which are presented, relate to the correctness of the several conclusions of law and the overruling of the motion for a new trial, with causes specified, to wit: (1) The finding is not sustained by sufficient evidence; (2) the finding is contrary to law.

A summary of the special finding is as follows: That, on October 27, 1926, plaintiff and defendants Jessweins entered into an agreement in writing whereby the defendants Jessweins sold, assigned and transferred unto plaintiff all of the gravel and sand that plaintiff might excavate and remove from the land owned by the Jess-

weins located in Warren Township, St. Joseph County, Indiana; that the term of the lease was for two years from date, with option of renewal from year to year by plaintiff; that the plaintiff was to have the exclusive right to remove the sand and gravel from the real estate during the term of the agreement; however, the Jessweins could remove 1,000 cubic yards of gravel and sand, the yardage, however, to be taken from the west side of the pit; that the plaintiff was to have the right of ingress and egress to and from the real estate described in the instrument for the purpose of removing the gravel and sand and his machinery; that the plaintiff agreed to pay the Jessweins 12½ cents per yard for sand and gravel or mixed sand and gravel so excavated by plaintiff; that payments were to be made monthly on or before the 15th day of each month; that the plaintiff, pursuant to the written agreement, occupied the real estate and placed his machinery thereon, consisting of a stone crusher, screens, conveyors and draglines, all necessary for the operation of a gravel pit; that the plaintiff continued to operate the gravel pit by the removal of gravel therefrom until about January 1, 1927, at which time, there being no further demand or market for gravel, he ceased to operate the same and never resumed operations thereafter; that, at the time the plaintiff ceased operation, the tools and machinery of plaintiff located in the gravel pit remained therein for a short period of time, and, during January, 1927, the plaintiff removed the engine, dragline and clamshell shovel from the pit; that, during June, 1927, the engine that operated the dragline was removed and the balance of the machinery, consisting of crusher, screen, etc., has remained there ever since without being used, and there has been, at no time since the removal of plaintiff's engine in June, 1928, any power equipment to operate any of plaintiff's machinery; that, at the time

plaintiff ceased to operate the gravel pit, which was about January 1, 1927, he was indebted to the defendants Jessweins for gravel removed pursuant to the terms of the written agreement in the amount of approximately 465 cubic yards, and such indebtedness has not been paid; that defendant Gottfried Jesswein had, during the early part of the year 1927, authorized the removal of a quantity of gravel from the gravel pit, the quantity being at least 44½ cubic yards, but that the exact quantity cannot be determined from the evidence; that, on February 10, 1928, defendants Jessweins served a 10 days' notice on the plaintiff to pay the indebtedness which he owed them, or deliver up the possession of the premises at the expiration of the 10 days; that the defendant Gottfried Jesswein made several demands during the spring and summer of 1928, and thereafter, for the payment of the gravel removed by the plaintiff and not paid for, and that, on several occasions, and about the time of the service of the notice to quit, the plaintiff informed defendant Jesswein that he would pay for the gravel as soon as he (Gottfried Jesswein) accounted to him for the gravel which he (Gottfried Jesswein) had removed contrary to the lease; that, after the expiration of the 10 days' notice, the defendants Jessweins elected to terminate the tenancy, and notified the plaintiff to remove the balance of his machinery from the premises, and that, if he failed to do so, that the Jessweins would hold the same for storage; that the plaintiff failed, and has ever since failed to remove the machinery, and the defendants Jessweins thereafter, without bringing suit for possession against the plaintiff, peaceably took possession of the premises, and have since held the possession of the same; that on May 16, 1929, the defendants Jessweins entered into an agreement in writing with the defendant Harry L. Snyder, whereby they contracted to sell to Snyder 4,500

yards of gravel out of the same gravel pit described in the instrument executed between plaintiff and defendants Jessweins under date of October 27, 1926; that Snyder, pursuant to the agreement, entered upon the described premises, placed his machinery and equipment thereon, and removed from the gravel pit 3,076½ yards of gravel, and the defendant Snyder ceased operations on August 9, 1929, when he was served with a temporary injunction issued by the St. Joseph Circuit Court, and he has since removed no gravel from the pit; that, when Snyder entered into the agreement with Jessweins, he had full knowledge of the fact that the plaintiff had certain machinery upon the premises; also, he knew that the plaintiff had solicited him to purchase gravel from the gravel pit and was cognizant that plaintiff Calef claimed an interest in the premises and that he had an agreement for the removal of gravel therefrom; that the reasonable market value of the gravel removed by the defendant Snyder while operating the pit was 65 cents per cubic yard after the gravel had been taken from the pit, screened and placed in the bin on the premises; that, on October 26, 1928, plaintiff served a written notice on the defendants Jessweins notifying them that he, Calef, exercised his option for a one year renewal of the lease upon that part of the farm owned by Jessweins and covered by the lease executed on October 27, 1926; that, at the time of the service of the notice to Jessweins, the plaintiff tendered to Jessweins more than $66 in cash in payment of the amount to be due from the plaintiff to the defendants Jessweins for gravel removed from the pit by plaintiff.

The court thereupon stated five separate conclusions of law, all of which may be summarized as follows: That the law is with the defendants.

The appellant did not pay the stipulated rent when due; he was served with a 10 days' notice as provided

by §9543 Burns 1926, which reads as follows: "If a tenant refuses or neglects to pay rent when due, ten days' notice to quit shall determine [terminate] the lease, when not otherwise provided therein or agreed to by the parties, unless such rent be paid at the expiration of said ten days." Appellant failed to pay the rent due at the expiration of 10 days as provided in the notice. Under the law as applied to the facts of this case, the lease was terminated. *Templer* v. *Muncie Lodge, etc.* (1912), 50 Ind. App. 324, 328, 97 N. E. 546.

The court finds that appellees Jessweins, "after the expiration of the said ten days' notice, elected to terminate said tenancy, . . . and Jessweins thereafter, without bringing suit for possession against the plaintiff, peaceably took possession of said premises, and have since held the possession of the same."

It was not necessary, as appellant contends, in the light of the foregoing finding and other facts found by the court, that appellees resort to the courts, institute an action to recover possession of the leased premises and recover judgment to that effect, in order that possession be transferred from the appellant to appellees Jessweins. *Hammond Savings, etc., Co.* v. *Boney* (1915), 61 Ind. App. 295, 107 N. E. 480.

It is the law of this state that the landlord has no right by force to repossess his own real estate, even though the tenant has by his failure to pay rent, and his subsequent refusal to pay upon notice as provided by law, terminated the tenancy. §9570 Burns 1926; *Hammond Savings, etc., Co.* v. *Boney, supra.* The law, however, has never denied the right of a landlord to take peaceable possession of the premises from a defaulting tenant. In *Hammond Savings, etc., Co.* v. *Boney, supra,* the court said, in part: "It would

seem apparent that where the landowner is wrongfully held out of possession by one without right in the premises, he may, when the opportunity presents itself, gain a possession in fact peaceable and by peaceable means, and that the necessity for recourse to legal procedure would exist only where peaceable means fail and force would otherwise be necessary. *Scott* v. *Willis* (1890), 122 Ind. 1, 23 N. E. 786."

The finding is sustained by ample evidence. It would subserve no good purpose to recapitulate the several facts, as disclosed by the evidence, all of which are found by the court in the special finding.

Appellant, in his reply brief, impliedly recognizes the force and effect of appellee's propositions and authorities cited, and seeks for the first time to present the point that, because of the sale by appellees Jessweins of approximately 44½ yards of gravel in the year 1927, a partial eviction of the appellant was caused thereby; that such partial eviction entitled appellant to the possession of the premises, notwithstanding the nonpayment of rent for the term in which the partial eviction took place. Appellant certainly was not proceeding on the theory of partial eviction and non-liability for rent when he instituted this suit to enjoin the appellees from disposing of the gravel and damages. We do not express any opinion in reference to the above proposition, but call attention to the rules, that appellant cannot present new points for the first time in the reply brief.

We find no reversible error.

Judgment affirmed.