CITY OF BLOOMINGTON, INDIANA AND THE COMMON COUNCIL OF THE CITY OF BLOOMINGTON AND EDWARD PINTO, DEBRA OLKEN, AND STEVEN DANZIG, INDIVIDUALLY AS STUDENT TENANTS AND ON BEHALF OF THE MEMBERS OF THE INDIANA UNIVERSITY TENANTS UNION *v.* LOUIS A. CHUCKNEY, RICHARD BARLETT AND PEGGY WATSON, INDIVIDUALLY AND ON BEHALF OF THE MEMBERS OF MONROE COUNTY APARTMENT ASSOCIATION AND OTHER OWNERS OF RESIDENTIAL RENTAL PROPERTIES LOCATED IN THE CITY OF BLOOMINGTON, INDIANA.

[No. 1-1074A165. Filed July 29, 1975. Rehearing denied August 27, 1975. Transfer denied April 27, 1976.]

*Lawrence J. Owens,* City Attorney, of Bloomington, *John M. Irvine,* of Bloomington, for appellants.

*Frank A. Barnhart, Baker, Barnhart & Andrews,* of Bloomington, for appellees.

ROBERTSON, C.J.—The defendant-appellant (City) brings this appeal from the judgment of the trial court in favor of the plaintiffs-appellees (Chuckney) holding certain sections of a City ordinance void.

The issue upon appeal is whether the City, as a municipal corporation under Indiana law, had the power to enact the ordinance.

For the reasons expressed herein, we are of the opinion that the trial court was correct in its ruling that sections of the ordinance were ultra vires.

The Bloomington Common Council drafted and passed Ordinance 72-76, entitled, "An Act to Improve the Quality of Housing in the City of Bloomington". The Ordinance is directed toward residential rental housing in Bloomington and, as pointed out by Chuckney, the language of the Ordinance is taken in great part from the Uniform Landlord and Tenant Relationship Act.[1]

Chuckney, on behalf of the Monroe County Apartment Association and other owners of residential rental property in Bloomington brought a suit for declaratory judgment alleging that the ordinance was an illegal exercise of power beyond the powers granted to the City by state statute. A petition for intervention was granted for the Indiana University Tenant Union.

After oral argument on motions for summary judgment from both Chuckney and the City, the trial court granted partial summary judgment for Chuckney holding certain sections of the ordinance invalid and also granted partial summary judgment to the City upholding the validity of the remainder of the Ordinance.

The City brings this appeal from the judgment of the trial court invalidating a portion of the ordinance.

The issue presented in this case is determined by the pertinent Indiana statutes. The powers of cities are established by the 1971 Powers of Cities Act found at IC 1971, 18-1-1.5-1 (Burns Code Ed.) through 18-1-1.5-30 (Burns Code Ed.). The act is a significant change from prior law which held that a city could exercise only those powers specifically granted, necessarily implied or indispensable to the municipal corporation.[2]

1. The Uniform Residential Landlord and Tenant Act was drafted by the Commissioners on Uniform State Laws and approved by the National Conference of Commissioners on Uniform State Laws on August 10, 1972.

2. See Dunn, Auditor et al. v. City of Indianapolis (1935), 208 Ind. 630, 196 N.E. 698; City of Logansport v. Public Service Comm. (1931), 202 Ind. 523, 177 N.E. 249.

IC 1971, 18-1-1.5-23 (Burns Code Ed.) presently provides as follows:

"The powers of cities as defined in this chapter shall be construed liberally in favor of such cities. A specific enumeration, or failure of enumerate, particular powers of cities shall not be construed as limiting in any way the general and residual powers conferred upon cities. It is the intention of this chapter and the policy of the state to grant to cities full power and right to exercise all governmental authority necessary for the effective operation and conduct of government with respect to their municipal and internal affairs. *The rule of law that cities have only those powers expressly conferred by statute, necessarily implied or dispensable to the declared objects and purposes of the corporation, and that any fair doubt as to the existence of a power shall be resolved against the existence, thereof, shall have no application to the powers granted to cities herein.*" (Emphasis added.).

A city may now "exercise any power or perform any function in the public interest in the conduct of its municipal or internal affairs, which is not prohibited by the Constitution of this state or the Constitution of the United States and which is not by express provision denied by law or by express provision vested by another law in a county, township, or the state. . . ." IC 1971, 18-1-1.5-16 (Burns Code Ed.).

The legislature has made it clear that in the absence of a specific denial or preemption, the powers of a city are limited only by the state and federal constitutions.

The question in the present case is whether the powers exercised in Ordinance 72-76 are *specifically denied* to cities by state statute. The statutory provision pertinent to the question is IC 1971, 18-1-1.5-19 which provides in part:

"Powers denied.—A city shall not have or exercise either of the following powers, which powers shall be reserved exclusively to the state:

(a) The power to enact laws governing private or civil relationships, except as an incident to the exercise of an independent municipal power;"

Paragraph (a) is a recognition of the fact that laws governing relationships between private entities are more properly the subject of statewide legislation which would produce a desired uniformity in treatment of such interests, than municipal legislation which could result in an endless variety of private law. For example, a city should not be able to enact its own separate law of contracts or domestic relations since these areas are unsuited to less than statewide legislation.

However, virtually all public regulation enfringes upon private relationships to some extent. In recognition of this fact, paragraph (a) contains an exception permitting such regulation "as an incident to the exercise of an independent municipal power." Thus, a municipal ordinance will not be invalid merely because it affects private relationships, if it does so as an incident to the exercise of another independent municipal power.

It is within this statutory framework that we consider the legality of Ordinance 72-76. It cannot be seriously disputed that the ordinance governs the private relationship between landlord and tenant. The specific question presented by this appeal is whether Ordinance 72-76 falls within the exception of being "incident to the exercise of an independent municipal power" such that it was a proper exercise of power by the City.

The City contends that the ordinance was an exercise of its recognized police powers since its purpose was to enforce municipal housing and safety codes applicable to render housing by giving tenants a private cause of action against the landlord when housing fails to meet code standards.

Chuckney contends that Ordinance 72-76 was an attempt by the City to legislate its own private contract law for landlord and tenant and that the City's argument that the effect on this private relationship was only incident to the exercise of the police power is merely an attempt to circumvent the statutory prohibition of such regulation by cities.

We are of the opinion that portions of Ordinance 72-76 so directly affect the landlord-tenant relationship that they cannot be upheld as an incident to the exercise of an independent municipal power.

The Ordinance goes so far as to dictate specific terms which must be included in every residential lease agreement entered into within the City of Bloomington. Many of these terms are wholly unrelated to city housing and safety codes and cannot, therefore, be incident to the city police powers in those areas.

For example, section 12, paragraph 10 of the Ordinance provides that "landlord and tenant shall agree that tenant may entertain guests on the premises at any and all times. . . ." Section 12, paragraph 3 provides that "entry may be made only with tenant permission, unless made between the hours of 9:00 A.M. and 5:00 P.M. and after advance notice of at least twenty-four (24) hours to the tenant. . . ."

Moreover, section 16 provides:

"(1) Failure of the landlord to supply and execute an inventory and damage list shall create a presumption that any damages to the rental unit at the expiration of the tenancy agreement were in existence prior to the current tenant's occupancy.

. . . .

(d) No more than one month's rent shall be required as a security deposit and prepaid rent."

While this summary is not complete it illustrates the fact that Ordinance 72-76 governs the landlord tenant relationship otherwise than as an incident to the exercise of the city's police powers in regard to housing and safety codes as is contended by the City. A review of those sections of the ordinance stricken by the trial court shows that in each instance there was an attempt to govern a "private or civil relationship", an activity proscribed by IC 1971, 18-1-1.5-19.

The City exceeded its powers as a municipal corporation under Indiana law in passing those sections of Ordinance 72-76 held invalid by the trial court.

The Tenant Union has also raised several issues concerning alleged procedural errors committed in the proceedings below. It is alleged that the court erred in failing to compel discovery of certain information sought by the appellants, by admitting the deposition of a lobbyist, and by overruling a motion for a more definite statement. These matters are generally within the discretion of the trial court and we have not been presented with evidence showing an abuse of such discretion.

Moreover, in light of our holding that the ordinance is invalid under state law, even if those procedural errors were committed they would not prejudice the substantial rights of the appellants and, therefore, any error resulting therefrom would be harmless.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 331 N.E.2d 780.