**ALLIED MILLS, INC.,**
Defendant-Appellant,

v.

**P.I.G., INC., Plaintiff-Appellee.**

No. 3–783A204.

Court of Appeals of Indiana,
Third District.

Oct. 18, 1983.

Donald R. Clifford, Clifford & Steele, P.C., Fort Wayne, for defendant-appellant.

Robert L. Thompson, Robert L. Thompson, P.C., Fort Wayne, James S. Butts, Ra-sor, Harris, Lemon & Reed, Warsaw, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

This dispute arises out of the sale of certain goods and services by appellant Allied Mills, Inc., to appellee P.I.G., Inc. Specifically, Allied sold P.I.G. breeder gilts, and provided a feed program and feed. After several months it became evident the pigs were suffering from various illnesses both hereditary and resultant from an inadequate feed program.

On May 6, 1981, P.I.G. filed suit for compensatory damages, alleging several grounds of recovery. Discovery was held open until October 12, 1983. P.I.G. filed a motion on April 19, 1983, requesting the court order Allied to produce its annual shareholder's reports for the years 1978–1983. Allied in turn filed a motion for a protective order on May 4, 1983. A motion to amend the pleadings to include a plea for recovery of punitive damages was filed by P.I.G. on May 17, 1982.

On June 3, 1983 the trial court held a hearing on the parties' motions. Allied filed a memorandum in opposition to P.I.G.'s motion to amend its complaint on this date, and the trial court took that matter under advisement. The trial court granted P.I.G.'s motion to compel discovery at that time. On June 20, 1983, the trial court granted P.I.G.'s motion to amend its pleadings. The matter was certified and Allied brings this interlocutory appeal.

On appeal Allied contends:

(1) the trial court abused its discretion and committed an error of law by granting P.I.G.'s motion to amend its complaint to include a plea for punitive damages;

(2) the trial court abused its discretion and committed an error of law in its order that Allied produce its annual shareholder's reports for the years 1978–1983; and

(3) the trial court erred in failing to grant, either in whole or in part, Allied's motion for a protective order.

Allied argues the trial court should not have allowed P.I.G. leave to amend its complaint. Several grounds are forwarded by Allied in support of this contention. First, Allied contends the amendment should not have been allowed because there is no clear and convincing evidence of conduct sufficient to support an award of punitive damages as required by *Travelers Indem. Co. v. Armstrong,* (1982) Ind., 442 N.E.2d 349. However, this argument misstates the standard to be applied.

The grant or denial of a motion to amend a pleading, made after a responsive pleading has been filed, rests in the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Hoosier Plastics v. Westfield Sav. & Loan,* (1982) Ind.App., 433 N.E.2d 24; *B & D Corp. v. Anderson, Clayton & Co.,* (1979) 180 Ind.App. 115, 387 N.E.2d 476. Further, pleadings are inadequate only where the evidence as set out in the factual portion of the pleadings indicates the plaintiff can prove no set of facts which would entitle him to relief. *Kiyose v. Tr. of Indiana University et al.* (1975) 166 Ind.App. 34, 35, 333 N.E.2d 886; *Reafsnyder et al. v. City of Warsaw,* (1973) 155 Ind.App. 455, 293 N.E.2d 540. *Travelers* discussed the standard of proof necessary to support an award of damages at the close of a trial. In the case at bar this Court is concerned only with the propriety of allowing a party to amend a pleading to include a claim for punitive damages. The facts alleged in the amended complaint are sufficient to support the amended pleadings at issue. Therefore, the trial court did not abuse its discretion in this regard.

Allied also contends the amendment should have been disallowed because it unnecessarily complicates the litigation and might confuse the jury. Amendments to the pleadings are to be liberally allowed so the parties may present all issues involved in a lawsuit before a jury. *Huff v. Travelers Indemnity Co.,* (1977) 266 Ind. 414, 363 N.E.2d 985; *State Farm v. Shuman, Admx.,* (1977) 175 Ind.App. 186, 370 N.E.2d 941. Again the grant or denial of

an amendment to the pleadings rests in the discretion of the trial court. If Allied is concerned the litigation is too complex, it could have requested severance and a bifurcated trial of the issues. Such a solution would have alleviated any potential problem with less onerous consequences than denying a party a chance to plead all possible issues.

Allied raises one final argument against the trial court's grant of P.I.G.'s amendment to the pleadings. It is Allied's contention that the motion should not have been allowed because it was filed after the statute of limitations had expired and results in prejudice to Allied's case. This argument is unavailing.

An amendment to a pleading relates back to the time of filing of the original pleading. Thus, if the original pleading was timely, an amendment to that pleading submitted after the statute of limitations has run will also be considered timely. *Parsley v. Waverly Concrete & Gravel Co.,* (1981) Ind.App., 427 N.E.2d 1. Again the grant or denial of an amendment to a pleading rests in the sound discretion of the trial court. A party who opposes a motion to amend the pleadings must do more than utter a bald statement that he is prejudiced in order to establish an abuse of discretion. *Curtis v. Hannah,* (1981) Ind.App., 414 N.E.2d 962. Further, delay by itself is insufficient to establish prejudice. *Selvia et ux. v. Reitmeyer, et al.,* (1973) 156 Ind.App. 203, 295 N.E.2d 869.

Next, Allied attacks the trial court's ruling on P.I.G.'s motion for production of certain financial statements. Allied vehemently argues the sanctity and privacy interest of a company's financial statements transcends the complainant's need to know that information. While acknowledging a company's or individual's privacy interest in their financial records, this Court does not believe this privacy interest renders such documents undiscoverable.

As with an amendment to a pleading the grant or denial of a discovery order rests in the sound discretion of the trial court. *Costanzi v. Ryan et al.,* (1978) 175

Ind.App. 257, 370 N.E.2d 1333; *City of Bloomington et al. v. Chuckney,* (1975) 165 Ind.App. 177, 331 N.E.2d 780. Appellant's primary argument against disclosure of the requested documents, aside from their sensitive nature, is that the documents are irrelevant to the litigation. This argument rests on the contention that the size and financial condition of a company have no bearing on an award of compensatory damages. However, as discussed in the preceding portion of this opinion, the trial court properly allowed P.I.G. to amend its complaint to include a claim for punitive damages. The size, earning capacity, and profit level of a company are relevant factors to consider when awarding punitive damages. *Jos. Schlitz Brewing v. Central Beverage,* (1977) 172 Ind.App. 81, 359 N.E.2d 566.

The documents requested by P.I.G., the shareholder's annual financial reports for the years 1978–1983, are an accurate and concise compilation of evidence supporting each of these factors relevant to an award of punitive damages. These annual reports may also include information relating to other irrelevant matters and may include sensitive information which should not be subject to discovery. Keeping in mind the sensitive nature of these documents, discovery should be ordered in a limited fashion which protects a party's privacy interest in the financial reports, insofar as it is practicable. There is no abuse of discretion in ordering discovery of the relevant portions of financial reports.[1]

Which brings the Court to Allied's final argument. It is Allied's contention the trial court erred in failing to grant, in whole or in part, its motion for a protective order. First, Allied's motion for a protective order was essentially a request not to grant P.I.G.'s motion to order discovery. As this issue has already been decided adversely to Allied, there is no reason to discuss it further.

As to Allied's contention the motion for protective order should have been granted

in part, there was no such request placed before the trial court. Failure to request available relief at the earliest possible opportunity results in a waiver of any error in that regard. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *Walker v. Jennings,* (1975) 164 Ind.App. 554, 330 N.E.2d 134. Further, any error was cured by the trial court's own action. As part of the order of discovery, the trial court held the financial statements were to be viewed only by counsel to P.I.G. and not to be disclosed to the client or any other person. Thus, Allied's privacy interest is protected, and P.I.G. is allowed access to information necessary and relevant to a claim involved in the litigation. For the reasons stated above the decision of the trial court is in all things affirmed.

Affirmed.

STATON, J., concurs.

NEAL, J., participating by designation, concurs.

---

1. It is incumbent upon the party opposing discovery of these sensitive documents to object in a manner which directs the court to limit discovery to the relevant portions and protects the areas which are irrelevant and should not

be discovered. A party may not simply object to discovery of the information as a whole and expect the court to cull through the material without direction as was done by Allied in the case at bar.