**Shannon Marie BURGIN, By and Through her Mother and Next Friend, Mary Evelyn AKERS, Appellant (Plaintiff Below),**

v.

**James TOLLE and Marlene Tolle, Appellees (Defendants Below).**

**No. 88A04–8605–CV–00143.**

Court of Appeals of Indiana, Fourth District.

Dec. 1, 1986.

---

William E. Smith, III, Hanger, Engebretson & Mayer, Clarksville, for appellant.

Sandra L. Heeke, Fox & Smith, Jeffersonville, for appellees.

CONOVER, Presiding Judge.

Plaintiff-Appellant Shannon Burgin (Burgin) through her mother Mary Akers (Akers) appeals a summary judgment in favor of James and Marlene Tolle (Tolle) in an action to recover damages sustained from a dog bite.

We affirm.

ISSUES

Burgin presents two issues for our review. Restated they are,

1. whether the trial court erred in finding on summary judgment the dog had no vicious propensities;

2. whether the trial court erred by failing to apply the city of Jeffersonville's animal ordinance.

FACTS

The facts most favorable to the nonmoving party are: On September 4, 1981, Burgin, a three and one-half year old child, was bitten by a black labrador retriever owned by Tolle. Witnesses of the event gave conflicting accounts of what transpired that day. Apparently, Burgin was jumping over the dog on a porch when she landed on the dog and the dog bit her. She then fell from the porch. A doctor's affidavit revealed Burgin received a three centimeter by two centimeter cut as a result of the dog bite.

On August 1, 1984, Burgin filed suit for injuries she sustained as a result of the dog bite. Tolle moved for summary judgment. During the hearing for summary judgment Burgin's counsel stated through interrogatories he would not try to prove the dog had vicious propensities. Burgin presented no evidence on this point.

The court granted Tolle's motion for summary judgment. From this ruling Burgin appeals.

DISCUSSION AND DECISION

I. *Standard of Review*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306. The burden is upon the moving party in a summary judgment motion to establish the lack of a genuine issue of material fact. *Ancich v. Mobil Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320.

When reviewing the grant of a motion for summary judgment, we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. We must liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729. Even if facts are not in dispute, summary judgment is not appropriate if conflicting inferences arise from the facts. *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151.

Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, summary judgment should not be entered where material facts conflict or conflicting inferences are possible from undisputed facts. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

II. *The Common Law*

Burgin argues the trial court misapplied the common law to the facts of this case. We disagree with Burgin and agree with the trial court's holding on this issue.

Under our common law all dogs, regardless of breed or size are presumed to be harmless, domestic animals. *Royer v. Pryor* (1981), Ind.App., 427 N.E.2d 1112. This presumption is overcome by evidence of a known or dangerous propensity as evidenced by specific acts of the particular animal. *Doe v. Barnett* (1969), 145 Ind.

App. 542, 251 N.E.2d 688, 694. When evidence of such propensity is shown, a duty arises for the owner or keeper to use reasonable care to prevent the dog from biting someone. *Doe, supra.*

Here, Burgin's counsel did not claim the dog had vicious propensities. "[W]e are not claiming the dog had a vicious propensity" (R. S–40). Furthermore, the uncontradicted evidence presented leads to that same conclusion.

■ In the absence of knowledge on the part of an owner or keeper of animals of vicious propensities, the owner or keeper may become liable for damages the animal causes where the owner or keeper is otherwise negligent in the manner of their keeping and control. *Weaver v. National Biscuit Co.* (7th Cir.1942) 125 F.2d 463; *Eichel v. Senhenn* (1891), 2 Ind.App. 208, 28 N.E. 193.

■ When negligence is claimed, in the absence of evidence the owner knew or should have known of a vicious tendency, the rule is simply that the owner of a domestic animal is bound to know the natural propensities of the particular class of animals to which it belongs. If these propensities are the kind which might be reasonably expected to cause injury, the owner must use reasonable care to prevent the injuries from occurring. *Dyer v. Noll* (1938), 105 Ind.App. 241, 14 N.E.2d 760.

■ The common law presumption a dog is harmless was not overcome in this case. The undisputed evidence reveals the dog had never shown vicious propensities.

We find the Third District's recent statements instructive on this point. "To impose liability in these circumstances, i.e. a dog bite inflicted on a person who surprises a dog, which is quietly sitting while being petted by another person, and while it is confined to the owner's premises, is con-

trary to our law." *Alfano v. Stutsman* (1984), Ind.App., 471 N.E.2d 1143, 1146.

### III. *The City Ordinance*

Burgin next maintains the trial court erred because the city of Jeffersonville had in full force and effect an ordinance which holds an owner liable for damages done by a dog. It reads in part

Sec. XIII   Animal Bites.

.   .   .   .   .

(C) the owner shall be liable for costs incurred in the quarantine of the animal and for any personal and property damages realized by the incident.

Ordinance No. 78–OR–43 (R. 27–28).

Tolle counters this contention with four arguments.

First, Tolle claims since the ordinance was not properly admitted as evidence below, we should ignore its existence. We cannot do so.

■ Where an action is predicated on an ordinance, so much of it as relates to the action must be made a part of the complaint. *Matter of Public Law No. 305 and Public Law No. 309 of Indiana Acts* (1975), 263 Ind. 506, 334 N.E.2d 659, 662. Burgin submitted the ordinance to the court by attaching it to his complaint. Whether the ordinance was in full force and effect at the time of the event is a factual question which is inappropriate for summary judgment unless specifically raised as an issue in the proceeding. It was not so raised here. Thus, this argument fails.

Tolle next argues the dog bite ordinance is void because the state has enacted comprehensive legislation which preempts the city's ordinance. We disagree.

■ Tolle points to only one statute, IND.CODE 15–5–12–1.[1] This statute is neither comprehensive nor preemptive.

---

1. If a dog, without provocation, bites any person who is peaceably conducting himself in any place where he may be required to go for the purposes of discharging any duty imposed upon him by the laws of this state or postal regula-
tions of the United States of America, the owner of such dog may be held liable for any damages suffered by the person bitten, regardless of the form of viciousness of such dog or the owner's dogs or such viciousness. IC 15–5–12–1.

Next, Tolle argues a municipality is powerless to change the common law. Again, we disagree. No one has a vested interest in any rule of the common law. *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763, 766. The great office of statutes is to remedy defects in the common law as they develop, and to adopt it to the change of time and circumstances. *Id.* In the absence of a specific denial or preemption, the powers of a city are limited only by the state or federal constitutions. *City of Bloomington v. Chuckney* (1975), 165 Ind.App. 177, 331 N.E.2d 780, 782. The wide range of animal regulations are considered constitutionally legitimate exercises of the police power. *Nicchia v. New York* (1920), 254 U.S. 228, 231, 41 S.Ct. 103, 104, 65 L.Ed. 235. As a general rule, exercises of police power by a state or city are presumed to be constitutionally valid. *Nebia v. New York* (1934) 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940.

Finally, Tolle argues a municipality may not alter the law governing civil actions between private individuals. We agree.

It is true almost all public regulation infringes upon private relationships to some extent. A municipal ordinance will not be invalid merely because it affects private relationships, if it does so as an incident to the exercise of another independent municipal power. *Chuckney, supra,* 331 N.E.2d at 783. Thus, the issue here is whether this ordinance is a valid assertion of Jeffersonville's police power. The police powers of a municipality are restricted to the protection or promotion of some public interest or welfare, and its mode of exercise reasonably calculated to accomplish the end sought. *City of New Albany v. New Albany St. R.R. Co.* (1909), 172 Ind. 487, 87 N.E. 1084, 1085. On the other hand, the legislature has reserved unto itself the authority to regulate relationships between private individuals.

IND.CODE 36–1–3–8 withholds certain powers from municipalities, one of which is "[t]he power to prescribe the law governing civil actions between private persons."

That statute recognizes that laws governing relationships between private individuals are more properly the subject of statewide legislation. Such legislation produces the desired uniformity and treatment of such interests better than municipal legislation which could result in an endless variety of private law. *Chuckney, supra,* 331 N.E.2d at 783.

In this case, the quoted portion of the Jeffersonville ordinance purports to change the law concerning an owner's liability for harm caused by his dog's bite without reference to the question of liability. It attempts to make such owner absolutely liable therefore, without reference to the owner's fault or any question of proximate cause.

While absolute liability for damage due to dog bites may in some slight degree tend to promote the public health, welfare, or safety, it cannot be said that section of the ordinance reasonably promotes the public interest. Its fundamental and primary thrust alters the principles of civil liability between private individuals, a power withheld from municipalities. That portion of the ordinance is not a valid exercise of Jeffersonville's police power. Thus, that portion of the ordinance is void.

Affirmed.

MILLER and YOUNG, JJ., concur.