**CHANDLEY ENTERPRISES, INC.,**
**Plaintiff–Appellant,**

v.

**CITY OF EVANSVILLE,**
**Defendant–Appellee.**

No. 82A01–9009–CV–353.

Court of Appeals of Indiana,
First District.

Dec. 13, 1990.

Olsen, Niederhaus, Labhart & White, Evansville, for plaintiff-appellant.

Allan G. Loosemore, Jr., Evansville, for defendant-appellee.

BAKER, Judge.

Plaintiff-appellant Chandley Enterprises, Inc. (Chandley) appeals the trial court's judgment in favor of the City of Evansville (the City) in this declaratory judgment action challenging two Evansville city ordinances. We affirm.

## ISSUES

Chandley presents several issues for our review which we restate as follows:

I.  Whether the ordinances unconstitutionally impair Chandley's obligation of contracts.

II.  Whether the ordinances are vague and overbroad.

III.  Whether the ordinances are an improper exercise of the municipality's police power.

## FACTS

Chandley's primary business consists of leasing mobile homes and lots within the city of Evansville. In September of 1988, Chandley entered into a lease agreement with Robert Luty. The lease provided that Chandley would pay Luty's utilities, and Chandley maintained the utilities in its name. A provision in the lease read in part as follows:

> B. Lessor further reserves the right to use whatever self-help it deems appropriate and necessary to effectuate re-entry and taking of possession of said premises including, but not limited to, disconnection of all gas, electric, water and other utility services as well as changing of locks and removal of personal property located upon said premises....

*Record* at 8. In January of 1989, Luty failed to pay rent as provided for in the lease, and Chandley disconnected Luty's utilities.

Luty complained about the disconnection to the Department of Code Enforcement of the City of Evansville (the Department). The Department ordered Chandley to reconnect the utilities based upon a city ordinance which prevents lessors from shutting off the lessee's utilities. Chandley reconnected the utilities, and brought this action seeking to have the Department's actions and the city's ordinances declared illegal. The two ordinances about which Chandley complains govern the amount of light, ventilation, and heating facilities which occupied dwellings should contain, and provide that the utilities of occupied dwellings should not be disconnected. The trial court denied Chandley's claim for declaratory relief.

## DISCUSSION AND DECISION

■ Chandley appeals a negative judgment. It must thus establish that the trial court's judgment is contrary to law. *Aetna Casualty and Surety Co. v. Crafton* (1990), Ind.App., 551 N.E.2d 893. "A negative judgment will be set aside as contrary to law only when the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to but one result and

the trial court has reached a different one." *Id.* at 895.

■ Municipal ordinances enacted pursuant to a proper delegation of power stand on the same footing as acts of the legislature. *Day v. Ryan* (1990), Ind.App., 560 N.E.2d 77; *Whitewater Valley Canoe v. Franklin City Comm'rs* (1987), Ind. App., 507 N.E.2d 1001, *trans. denied; City of Indianapolis v. Clint's Wrecker Service* (1982), Ind.App., 440 N.E.2d 737. In reviewing an ordinance based upon a constitutional challenge, this court presumes constitutionality. *Ryan, supra.* The burden of rebutting that presumption rests upon the challenger, and all reasonable doubts are resolved in favor of the ordinance's constitutionality. *Id.*

### I.

■ Chandley first argues the ordinances violate the constitutional prohibition against impairment of the obligation of contracts. Ind. CONST. art. I, § 24 states: "No *ex post facto* law, or law impairing the obligation of contracts, shall ever be passed." U.S. CONST. art. I, § 10, cl. 1 states: "No state shall ... pass any ... law impairing the obligation of contracts...."

■ Chandley concedes that a contract entered into after the legislation is passed is generally unenforceable when the contractual provisions contravene the legislation. The constitutional prohibition against impairment of contracts has no application to a contract which was entered into after the statute is already in force. *City of Indianapolis v. College Park Land Co.* (1918), 187 Ind. 541, 118 N.E. 356; *Inland Steel Co. v. Yedinak* (1909), 172 Ind. 423, 87 N.E. 229. The ordinances at issue were adopted in 1962, and the lease was entered into in 1988. There was no unconstitutional impairment of contractual obligations here.

■ Chandley also argues the ordinances interfere with his right to contract now and in the future. He cites *Wencke v. City of Indianapolis* (1981), 429 N.E.2d 295 for the proposition that, in order to

justify the impairment of contracts, the ordinance must be necessary and reasonable under the circumstances. As we already indicated, the ordinances in question do not impair the obligation of contracts because the contracts were entered into after the ordinances were already effective. *Wencke* therefore does not apply to this case. Even utilizing the language in *Wencke*, the ordinances are constitutional. The prohibition against impairment of contracts does not restrict the exercise of the state's police power to protect the public health, safety, and welfare. *Id.* These ordinances may be intended to preserve the health and safety of dwellers, to prevent landlords from constructively evicting tenants, and to preserve the status quo pending a judicial determination of the parties' rights. The ordinance is necessary and reasonable. It does not, as Chandley argues, force the landlord to pay for a trespasser's utilities, because a landlord has other options for removal of a trespasser including the pursuit of court action. It does prevent a landlord from disconnecting the tenant's utilities upon the landlord's whim.[1]

## II.

Chandley next contends the ordinances are vague and overbroad, and that they interfere with his due process rights to life, liberty, property, and the pursuit of happiness.

■■■ A penal statute must be sufficiently explicit so as to inform individuals of the consequences of the contemplated conduct. *Van Sant v. State* (1988), Ind.App., 523 N.E.2d 229. The statute violates due process if it forbids conduct in terms so vague that persons of ordinary intelligence must necessarily guess at the meaning of the statute and differ as to its application. *Id.* Chandley argues the following language is unconstitutionally vague: "No owner ... shall cause any ... utility which is required

under this chapter to be removed from, shut off from, or discontinued for any occupied dwelling let or occupied by him, except for temporary interruption necessary...." *Record* at 11. We see nothing vague about this language. The ordinance simply states the owner cannot disconnect the utilities in an occupied dwelling, whether the owner himself lives there or the owner rents the dwelling to another. Due process requires only that the law give sufficient warning so that individuals may conduct themselves in a manner which avoids the forbidden conduct. *Whitewater Valley Canoe, supra.* This ordinance does so.[2]

■■■ Chandley also argues the ordinance is overbroad because it steps on the rights of legitimate lessors who are trying to remove trespassers from the lessors' property. Even if a statute is not unconstitutionally vague, it may still be unconstitutional on an overbreadth challenge. *Van Sant, supra.* A statute is overbroad if it is not drawn in sufficiently narrow terms, and foreseeably prohibits legitimate conduct. *Id.* Chandley has not presented any evidence demonstrating how the ordinance is overbroad. It argues the ordinance hinders its right to get rid of a tenant through self-help; however, landlords do not have an absolute right of self-help to remove tenants. *See Calef v. Jesswein* (1931), 93 Ind.App. 514, 176 N.E. 632, *trans. denied.* Chandley has not persuaded us that the ordinance is unconstitutionally overbroad.

## III.

■■■ Chandley finally argues a municipality may not alter the law governing civil actions between private individuals. IND. CODE 36–1–3–8(2) provides a governmental unit may not prescribe the law governing civil actions between private persons. "A municipal ordinance will not be invalid merely because it affects private relationships, if it does so as an incident to the

---

1. We make no judgment about the landlord's justification for disconnecting the utilities in this case.

2. Chandley argues the word "let" is vague, because when Chandley declares a tenant is a

trespasser it is no longer renting to that tenant. We find this argument unpersuasive. If we followed this logic, a landlord could declare a tenant a trespasser at any time for any reason and shut off the tenant's utilities.

exercise of another independent municipal power." *Burgin By and Through Akers v. Tolle* (1986), Ind.App., 500 N.E.2d 763, 767. The police powers of a municipality are restricted to the protection or promotion of some public interest or welfare, and the ordinances must be reasonably related to the end sought. *Id.* As we concluded above, these ordinances are for the protection of a dweller's health and safety, and are reasonably related to that end. This case is thus factually distinguished from *Burgin, supra,* where the court found the ordinance did not reasonably promote the public interest and was therefore not a valid exercise of the city's police power. Since the ordinances in question here are a valid exercise of Evansville's police power, they are not invalid even though the ordinances may affect private relationships.

Chandley has not demonstrated that the trial court's judgment was contrary to law, and we therefore affirm the trial court.

RATLIFF, C.J., and CONOVER, J., concur.