James Y. McCULLOUGH, M.D.,
Appellant (Plaintiff Below),

v.

William L. ALLEN, III, Appellee
(Defendant Below).

No. 4-282A48.

Court of Appeals of Indiana,
Fourth District.

June 22, 1983.

Richard L. Mattox, Barry N. Bitzegaio, Orbison, O'Connor, MacGregor & Mattox, New Albany, for appellant.

James V. Donadio, Margaret C.A. Young, Robert G. Zeigler, Ice, Miller, Donadio & Ryan, Indianapolis, Richard H. Montgomery, Montgomery, Elsner & Pardieck, Seymour, for appellee.

YOUNG, Presiding Judge.

Doctor James Y. McCullough, M.D., brought this "physician's countersuit" against attorney William L. Allen in response to Allen's suit against him on behalf of Linda Petro. Linda's records, which Allen had read, showed that Linda had been involuntarily committed for mental illness from 1965 to 1968, and again from November, 1969, to January, 1970. Linda voluntarily entered Floyd County Hospital on April 30, 1970, to have a baby. The hospital records for May 1, 1970, show Linda was anxious and suspicious of the staff after delivery, and was given Thorazine. On this same day, Linda signed a consent to a tubal ligation. Linda later alleged McCullough coerced her into signing this consent form. Linda continued to get Thorazine, as well as Nembutal, and was kept in a security room until McCullough performed the sterilization on May 4. On learning all this in February of 1975, Allen first filed a petition in the Floyd Circuit Court to restore Linda's competency, under Ind.Code 16–14–16–3. This petition was granted. One year later, after further investigation, Allen filed suit against McCullough on Linda's behalf stating claims for battery, malpractice, and breach of contract. After extensive litigation, summary judgment was entered against Linda, based on a release given by her to Floyd County Memorial Hospital. McCullough then sued Allen for abuse of process and malicious prosecution, claiming that Allen had filed the competency resto-

ration petition only to bolster Linda's case against him, and that Allen had no probable cause to believe Linda's claim merited litigation. The trial court subsequently granted Allen's motion for summary judgment, and McCullough appeals, raising two issues:

1. Whether the court erred in considering the affidavit of F. Boyd Hovde, tendered by Allen to support his motion for summary judgment; and

2. Whether the court erred in finding no genuine issue of material fact.

We affirm.

In challenging the trial court's entry of summary judgment, McCullough first claims the court erred in considering the affidavit of F. Boyd Hovde. This affidavit, tendered by Allen in support of his motion for summary judgment, stated Hovde's qualifications as an Indiana attorney, and further stated:

3. I have been retained by Margaret C.A. Young of Ice, Miller, Donadio & Ryan to review certain records and render a professional opinion with respect to the actions taken by William L. Allen, III in his representation of Linda Petro in the malpractice case entitled "*Linda Petro v. James Y. McCullough, M.D.*"

4. As part of that review, I reviewed the hospital records of Linda Petro and the records of commitment of Linda Petro to Madison Hospital as well as the law in the area, including statutes and attorney general opinions.

5. It is my opinion that William A. Allen, III acted reasonably and that the claim of Linda Petro was worthy of litigation.

McCullough contends this affidavit does not meet the requirement of Ind.Rules of Procedure, Trial Rule 56(E) that affidavits must "set forth such facts as would be admissible in evidence," since it merely stated Hovde's legal conclusions.

■■ We find that the court properly admitted the contested affidavit. It is true that, at one time, experts were not allowed to express an opinion as to an "ultimate fact in issue." *E.g., Ellis v. State,* (1969) 252 Ind. 472, 250 N.E.2d 364. This rigid rule, however, has been abrogated in Indiana. *DeVaney v. State,* (1972) 259 Ind. 483, 288 N.E.2d 732; *State v. Bouras,* (1981) Ind.App., 423 N.E.2d 741. Thus, a qualified attorney's legal opinion as to an ultimate fact in issue is admissible, unless it addresses matters within the common knowledge and experience of ordinary persons. *Rosenbalm v. Winski,* (1975) 165 Ind.App. 378, 385–86, 332 N.E.2d 249, 254; *Bouras, supra,* at 745.

■■ The affidavit at issue here clearly did not state matters of common knowledge. Rather, it was an appropriate expression of expert opinion on the existence of probable cause for Allen's suit against McCullough. To support his claim for malicious prosecution, McCullough had to show (1) that Allen did not subjectively believe Linda's claim merited litigation, or (2) that "no competent and reasonable attorney familiar with the law of the forum would consider that the claim was worthy of litigation on the basis of the facts known by the attorney who instituted suit." *Wong v. Tabor,* (1981) Ind.App., 422 N.E.2d 1279, 1288. Whether a reasonable attorney would consider a claim worthy of litigation is a question that can only be answered by an expert familiar with the law and with the standards employed by reasonable attorneys. The disputed affidavit, couched in the terminology of *Wong v. Tabor, supra,* was clearly admissible to prove that at least one competent and reasonable attorney considered Linda's claim worthy of litigation. Because the affiant here was qualified to give such an opinion, this case is not affected by the general rule that a court may not enter summary judgment upon an affidavit stating conclusions of law or opinions by one not qualified to give such testimony. *Celina Mutual Ins. Co. v. Forister,* (1982) Ind.App., 438 N.E.2d 1007; *Podgorny v. Great Central Ins. Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. We accordingly hold that the court did not err in admitting Hovde's affidavit and considering it when ruling on Allen's motion for summary judgment.

McCullough also contends that genuine issues of material fact should have precluded summary judgment against him on his claims for malicious prosecution and abuse of process. Generally, summary judgment is inappropriate when the evidence before the court discloses genuine issues of material fact or a good faith dispute as to the inferences to be drawn from the facts. *McKenna v. City of Fort Wayne,* (1981) Ind.App., 429 N.E.2d 662. The moving party bears the burden of proving that no issue of material fact exists. Thus, a defendant seeking summary judgment must set forth specific facts that negate the plaintiff's claim. *See Layman v. Atwood,* (1977) 175 Ind.App. 176, 370 N.E.2d 933. This is true even though the plaintiff would have the burden of proof at trial. *Doff v. Brunswick Corp.,* (9th Cir.1966) 372 F.2d 801, *cert. denied,* (1967) 389 U.S. 820, 88 S.Ct. 39, 19 L.Ed.2d 71. If the movant produces evidence to meet this burden, the opposing party must respond, setting forth specific facts to show there is a genuine issue for trial. *Shideler v. Dwyer,* (1981) Ind., 417 N.E.2d 281; *Johnson v. Padilla,* (1982) Ind.App., 433 N.E.2d 393; *Bassett v. Glock,* (1977) 174 Ind.App. 439, 368 N.E.2d 18. If the opposing party does not so respond, "summary judgment, if appropriate, shall be entered against him." T.R. 56(E); *Wallace v. Indiana Ins. Co.,* (1981) Ind.App., 428 N.E.2d 1361.

McCullough argues that Allen failed in several respects to meet his initial burden of proving that no issues of material fact existed. Specifically, McCullough claims there remained an issue as to probable cause under the test established in *Wong v. Tabor, supra,* because Allen did not show he made a reasonable investigation before suing McCullough. This contention reflects a misunderstanding of the *Wong* decision. It is true that the court in *Wong* cited with approval a California decision listing diligent investigation as an element of probable cause. The court went on, however, to reject such a test for probable cause:

> While we do not condone slack or shoddy preparation and investigation on an at-torney's part in bringing suit, where there is some factual basis for bringing a claim, *lack of probable cause cannot be based upon a negligent failure to investigate thoroughly.*

422 N.E.2d at 1289 (emphasis added). Thus, Allen was not required to prove that no genuine issue of fact existed as to the reasonableness of his investigation, and his failure to do so did not require the court to deny his motion for summary judgment.

McCullough further claims that Allen's affidavit, by itself, was insufficient to disprove the existence of genuine issues as to (1) Allen's subjective belief that Linda's claim merited litigation and (2) Allen's motives in pursuing an action to restore Linda's legal competency, facts material to the malicious prosecution and abuse of process claims, respectively. McCullough argues summary judgment cannot be based on the moving party's affidavit stating facts peculiarly within the affiant's knowledge. This argument is based on *Blinn v. City of Marion,* (1979) Ind.App., 390 N.E.2d 1066. The plaintiff in that case challenged a city ordinance on the grounds that the City Council meeting at which it was passed had not been publicized as required by statute. The Council filed a motion for summary judgment, supported by the Mayor's sworn statement that he had personally posted the required notice. The plaintiff did not set forth any facts contradicting the Mayor's account, and the trial court granted the City's motion for summary judgment. This court reversed that ruling, holding that a grant of summary judgment cannot be based on an affidavit by the moving party stating facts peculiarly within the affiant's knowledge. In so holding, we said:

> Summary judgment should not have been granted because the fact which is crucial to the outcome of the case is within the peculiar knowledge of the mayor, and the entry of judgment forever foreclosed the opportunity to challenge the mayor's credibility before the finder of fact.

*Id.* at 1069. The affiant's credibility in *Blinn* was made especially doubtful by inconsistencies and evasive language in the

affidavit. Thus, under *Blinn,* it is error to base summary judgment solely on a party's self-serving affidavit, when evidence before the court raises a genuine issue as to the affiant's credibility. This is consistent with federal authority that, although "the opposing party may not merely recite the incantation 'Credibility'" to prevail, *Curl v. IBM Corp.,* (5th Cir.1975) 517 F.2d 212, 214, *cert. denied,* (1976) 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187, summary judgment is inappropriate if a reasonable trier of fact could choose to disbelieve the movant's account of the facts. *Croley v. Matson Navigation Co.,* (5th Cir.1970) 434 F.2d 73; *Lavine v. Shapiro,* (7th Cir.1958) 257 F.2d 14; *Dyer v. MacDougall,* (2d Cir.1952) 201 F.2d 265. *See* 6 J. Moore, Federal Practice § 56.15[4].

In this case, however, we cannot agree that the evidence leaves a genuine issue of fact as to Allen's credibility. First, although Allen's affidavit was important evidence of his motives in pursuing the legal competency proceeding and his subjective belief in the merit of Linda's claim against McCullough, summary judgment was not based *solely* on Allen's affidavit. Rather, Linda's medical records and Welfare Department records also tend to show Allen's proper motives for the restoration of competency proceeding and his belief in the merit of Linda's claim against McCullough. Allen's belief in the merit of Linda's claim is also supported by Hovde's affidavit. Further, unlike the affidavit in *Blinn,* Allen's affidavit contained no contradictions or evasive language to raise doubts about Allen's credibility. In fact, McCullough has pointed out nothing in Allen's materials that might lead a jury to disbelieve Allen's account of the facts. A reasonable trier of fact presented with this evidence could not have chosen to disbelieve Allen's account of the facts. *Croley, supra; Dyer, supra.* Thus, Allen met his initial burden of proving no genuine issues of fact remained, and McCullough was required, under T.R. 56(E), to respond by setting forth specific facts showing a genuine triable issue. *Shideler v. Dwyer,* (1981) Ind., 417 N.E.2d 281.

McCullough claims his answers to interrogatories, filed with the court, met this requirement. Specifically, McCullough contends that issues of material fact as to his malicious prosecution and abuse of process claims are raised by his answers to interrogatories. In these answers, McCullough repeatedly alleged that "[Allen's] acts were malicious and without probable cause in that he knew or should have known that his client had never been adjudicated incompetent and her civil rights had never been taken from her." This statement merely reflects a dispute over the legal implications of Linda's involuntary commitment to Madison State Hospital—an event not disputed by McCullough. Thus, the court could properly have found that McCullough had failed to set forth facts showing a triable issue, and that there were no genuine issues of material fact. The court did not err in granting Allen's motion for summary judgment.

The trial court's judgment is affirmed.

MILLER and CONOVER, JJ., concur.