INSUREMAX INSURANCE COMPANY, Appellant–Third–Party Plaintiff,

v.

George M. BICE, Beverly J. Stalcup, Kelly M. Grahg and American Family Mutual Insurance Company, Appellees–Third–Party Defendants.

No. 18A02–0703–CV–267.

Court of Appeals of Indiana.

Jan. 31, 2008.

---

Kirk A. Horn, Mandel Pollack & Horn, P.C., Carmel, IN, Attorney for Appellant.

W. Brent Threlkeld, Christine M. Riesner, Threlkeld Reynolds, LLP, Indianapolis, IN, Attorneys for American Family Mutual.

David W. Stone IV, Stone Law Office and Legal Research, Anderson, IN, Tony Rivera, Nunn Law Office, Bloomington, IN, Attorneys for George M. Bice.

## OPINION

MAY, Judge.

InsureMax appeals the denial of its motion for summary judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

Kelly Grahg owned a 1989 Chevrolet truck, which he insured through Insure-Max. On December 9, 2004, Grahg's truck was involved in a collision with two other vehicles. The driver of Grahg's truck fled the scene and was not identified or apprehended. Leland Fueston, the driver of one of the damaged vehicles, described the driver of the truck as a "white male about 6'6". He had blood all over his face." (Appellant's App. at 156.)

The driver of the other damaged vehicle was George Bice. He and his passenger, Beverly Stalcup, were injured in the accident. Bice and Stalcup sued Grahg for negligence. American Family Mutual Insurance Company, Bice's uninsured motorist carrier, intervened.

InsureMax also intervened and then moved for summary judgment. Insure-Max designated evidence, which included Grahg's deposition testimony and an affidavit from his aunt, Joyce Kirk. Grahg testified he left his apartment in Muncie on December 5, 2004. He locked his truck and his apartment, then left with an acquaintance he knew only as "Jonathan." (Id. at 116.) Grahg and Jonathan intended to go to Florida to look for work. However, they had a disagreement along the way, so Jonathan left Grahg at Kirk's home in Georgia. Grahg stayed with his aunt until December 18, 2004 or a few days thereafter. When he returned to his apartment, he found someone had broken in. Some clothing had been taken, but no valuable items were missing from the apartment. He also learned his truck had been in an accident. He had not given anyone permission to drive his truck. Kirk's affidavit stated Grahg had stayed at her home in Georgia from about December 6 to 22.

American Family opposed InsureMax's motion for summary judgment and designated Fueston's affidavit, which gave a physical description of the driver of the truck. Bice did not file anything in opposition to InsureMax's motion, but he made an argument at the hearing on the motion.[1] Stalcup did not oppose the motion and has not filed a brief on appeal.

## DISCUSSION AND DECISION

1. *Summary Judgment*

In reviewing denial of summary judgment, we apply the same standard as the trial court. *Trustcorp Mortg. Co. v. Metro Mortg. Co., Inc.*, 867 N.E.2d 203, 211 (Ind. Ct.App.2007). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.

---

1. InsureMax asserts Bice's arguments are waived because they are being raised for the first time on appeal and cites *Babinchak v. Town of Chesterton*, 598 N.E.2d 1099, 1101–02 (Ind.Ct.App.1992), *reh'g denied.* Babinchak sued the Town of Chesterton after she slipped and fell on a sidewalk. The Town moved for summary judgment. Babinchak did not appear at the hearing or file anything in opposition to the Town's motion. The trial court granted summary judgment, and Babinchak appealed from a negative judgment. We held the Town had met its initial burden of proof by designating evidence it was immune from Babinchak's suit. Therefore, the burden shifted to Babinchak to designate evidence showing there was an issue of material fact, and she failed to meet that burden. InsureMax's argument assumes the burden had shifted to Bice. For the reasons discussed below, we believe the trial court properly concluded InsureMax did not meet its burden. We cannot say Bice has waived his arguments by failing to make them below when he was not obliged to do so.

Trial Rule 56(C). We construe the designated evidence in the light most favorable to the nonmovants, Bice and American Family, to assure they are not improperly denied their day in court. *Schmidt v. Am. Trailer Court, Inc.*, 721 N.E.2d 1251, 1253 (Ind.Ct.App.1999), *trans. denied* 735 N.E.2d 230 (Ind.2000). The moving party bears the burden of proving there is no genuine issue of material fact; however, once this burden is sustained, the opponent may not rest on the pleadings, but must set forth specific facts showing there is a genuine issue for trial. T.R. 56(E); *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind. 1992).

We consider only the evidence designated to the trial court. T.R. 56(H); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). We may affirm the trial court's ruling on any legal basis supported by the designated evidence. *Trustcorp*, 867 N.E.2d at 211–12. The appellant bears the burden of persuading us the grant or denial of summary judgment was erroneous. *Bank One Trust No. 386 v. Zem, Inc.*, 809 N.E.2d 873, 878 (Ind.Ct.App.2004), *trans. denied* 822 N.E.2d 975 (Ind.2004).

■■ InsureMax argues it made a *prima facie* showing there is no genuine issue of material fact and the burden therefore shifted to Bice and American Family to show there was a genuine issue of material fact. InsureMax asserts Fueston's affidavit did not create a genuine issue of material fact because there was no evidence designated concerning Grahg's appearance. We disagree with InsureMax's first argument and, therefore, need not reach its second.

■■ "[S]ummary judgment is inappropriate if a reasonable trier of fact could choose to disbelieve the movant's account of the facts." *McCullough v. Allen*, 449 N.E.2d 1168, 1172 (1983). "[I]t is error to base summary judgment solely on a par-

ty's self-serving affidavit, when evidence before the court raises a genuine issue as to the affiant's credibility." *Id.* Inconsistencies and evasive language within the movant's designated evidence may form a basis for denying summary judgment. *Id.* When the facts are peculiarly in the knowledge of the movant's witnesses, there should be an opportunity to impeach them at trial, and their demeanor may be the most effective impeachment. *Blinn v. City of Marion*, 181 Ind.App. 87, 390 N.E.2d 1066, 1069 (1979).

InsureMax relied primarily on Grahg's deposition, which is self-serving and could lead a reasonable trier of fact to disbelieve his account. Grahg knew only the first name of the person he allegedly traveled with and did not know how to contact him. He was unsure of the name of the town where he allegedly stayed for approximately two weeks and did not know the name of the uncle with whom he stayed. He did not report to the police a break-in at his apartment or the theft of his truck, and he claimed only items of little value were taken.

■■ InsureMax claims credibility can be considered on summary judgment only when the designated evidence is unsubstantiated, and Kirk's affidavit served to confirm Grahg's statements. InsureMax further asserts, without developing its argument, that the evidence is not in Grahg's or Kirk's peculiar knowledge. To the extent InsureMax is arguing a person's whereabouts cannot be within that person's peculiar knowledge, we note that is contrary to *Blinn*. *See id.* at 1069–70 (whether mayor was in rotunda to post notice of a meeting at 11:00 p.m. on December 20 was within his particular knowledge).

We believe the *Blinn/McCullough* rule is applicable to Kirk's affidavit. A reasonable trier of fact could disbelieve Kirk's

affidavit because she is related to Grahg. Furthermore, she stated Grahg stayed with her from December 6 to 22. Grahg, however, stated he left Muncie on December 5, stayed in Tennessee for a few days before proceeding to Georgia, then returned to Muncie by December 20 at the latest. Because a reasonable trier of fact could disbelieve InsureMax's evidence, the denial of summary judgment was not erroneous.[2]

### 2. *Rescission of Insurance Contract*

■ InsureMax argues if Grahg was not in Georgia at the time of the accident, then he has misrepresented a material fact, which entitles InsureMax to void the insurance contract. Therefore, InsureMax argues it is entitled to summary judgment whether or not Grahg is believed.

InsureMax relies on the following language from its policy:

> This policy will be voidable at our option if you [Grahg] or an insured person or any other individual act [sic] at or by the direction of you or any insured person has: (1) concealed or misrepresented any material fact; or (2) committed or attempted fraud concerning any matter regarding this policy whether before or after a loss.

(Appellant's App. at 46.)[3] We need not decide whether an insured's misrepresentation during a claim investigation entitles the insurer to void the policy, as InsureMax has not demonstrated any misrepresentation Grahg made is material.

■ "[T]he materiality of the representation or omission is a question of fact to be resolved by the factfinder unless the evidence is such that there can be no reasonable difference of opinion." *Colonial Penn Ins. Co. v. Guzorek,* 690 N.E.2d 664, 673 (Ind.1997). In *Guzorek,* our Supreme Court laid out two tests for materiality:

> Under one definition, a misrepresentation or omission is "material" if knowledge of the truth would have caused the insurer to refuse the risk or to charge a higher premium for accepting the risk.... A second approach to materiality in a case, such as this, where rescission is attempted after a loss has been incurred, would measure the materiality not against the underwriting decision, but rather against the loss. In other words, coverage of the incurred loss would be voided if the misrepresentation affected that risk, but not all coverage would necessarily be voided.

*Id.* at 672–73. Neither approach is directly applicable to this case; however, both approaches focus on whether the misrepresentation had a significant impact on the insurer's decision-making process. *See also* Black's Law Dictionary (8th ed.2004) (defining "material" as "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential"). Therefore, if Grahg's claim he was in Georgia at the time of the accident is a misrepresentation, it is material if it caused InsureMax to take a substantially

---

**2.** The trial court's order simply states a genuine issue of material fact exists. While the trial court may have considered Fueston's affidavit, we need not address whether that was appropriate, as we may affirm the trial court on any basis presented in the record. *See Trustcorp,* 867 N.E.2d at 211–12.

InsureMax also argues it established Grahg did not negligently entrust his truck to the driver involved in the accident. Since there is a genuine issue of material fact as to wheth-

er Grahg was the driver, we need not address this argument.

**3.** We note this sentence appears in a section of the policy that discusses misrepresentations in applications and notifications of change and does not explicitly refer to claim investigations. However, Appellees have not argued this provision of the policy was not intended to apply to claim investigations; therefore, we will assume this provision applies.

different position in responding to his potential liability.

In the absence of any designated evidence concerning InsureMax's internal policies or decision-making process, we cannot conclude it would not have chosen to litigate this case. *Cf. Guzorek,* 690 N.E.2d at 673 (summary judgment appropriate because undisputed evidence demonstrated that pursuant to its underwriting guidelines, insurer would not have issued policy to Guzorek because a member of her household had a suspended license). Even if Grahg was not in Georgia, as he claimed to be, that does not necessarily mean he was the driver who caused the accident. The record does not reflect whether Grahg fits the description given by Fueston, and we cannot conclude InsureMax would not have defended the case even if Grahg had not been in Georgia. (*See* Tr. at 4, where counsel for InsureMax states, "There's a lot of white males in Muncie. That really doesn't narrow it down much even if there was evidence that he was six foot (6') something and white.") Assuming the provision of the contract cited by InsureMax is applicable and enforceable, there remains a genuine issue of fact as to whether Grahg made a material misrepresentation.

InsureMax has not met its burden of demonstrating the denial of summary judgment was erroneous. Therefore, we affirm.

Affirmed.

DARDEN, J., and CRONE, J., concur.