FILED

Apr 03 2019, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Mark J. Schocke
Highland, Indiana

ATTORNEYS FOR APPELLEE

Crystal G. Rowe
Alyssa C.B. Cochran
Kightlinger & Gray, LLP
New Albany, Indiana

Galen A. Bradley
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ismael Alicea,

*Appellant-Plaintiff,*

v.

Ronald Brown,

*Appellee-Defendant.*

April 3, 2019

Court of Appeals Case No.
18A-CT-2495

Appeal from the Porter Superior
Court

The Honorable Roger V. Bradford,
Judge

Trial Court Cause No.
64D01-1706-CT-5809

**Najam, Judge.**

## Statement of the Case

Ismael Alicea appeals the trial court's grant of partial summary judgment in favor of Ronald Brown on Alicea's claim for punitive damages. Alicea presents a single issue for our review, namely, whether the trial court erred when it

granted Brown's partial summary judgment motion. We reverse and remand for further proceedings.

## Facts and Procedural History

On October 10, 2016, between approximately 3:15 and 3:30 p.m., while he was driving his truck from Hobart to Valparaiso, Brown drank two-and-one-half twelve-ounce beers. At approximately 3:30 p.m., Brown rear-ended a vehicle being driven by Alicea. Brown immediately fled the scene without talking to Alicea. Brown "didn't want to get caught drinking beer" while driving. Appellee's App. Vol. II at 13.

Later that day, a Porter County Sheriff's deputy arrived at Brown's property, saw the damaged truck, and asked Brown whether he had driven it earlier that day. Brown lied to the deputy and said that he had not driven the truck that day and that he did not know who had driven it. Brown suggested that someone could have stolen the truck. The deputy administered a portable breath test on Brown, which showed that Brown's BAC was ".02 or .03." *Id.* at 15. The deputy attempted to administer a few field sobriety tests, but Brown told him that he could not do them because of a "bad knee." *Id.* The deputy impounded Brown's truck. Brown later recovered his truck from impound, but he never told law enforcement that he was the driver who had collided with Alicea's vehicle on October 10 because he "didn't want to get arrested." *Id.*

On June 15, 2017, Alicea filed a complaint against Brown alleging negligence and seeking damages.[1] After Brown testified during a deposition that he had been drinking and driving at the time of the collision, Alicea subsequently filed an amended complaint to seek punitive damages. Brown moved for partial summary judgment only on the punitive damages claim. The trial court granted that motion following a hearing. This appeal ensued.[2]

## Discussion and Decision

Our standard of review for summary judgment appeals is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).
>
> The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an

---

[1] The record does not reveal how Alicea determined that Brown was the driver responsible for the collision.

[2] The trial court found that there was no just reason for delay and entered a "final judgment" on the punitive damages issue pursuant to Indiana Trial Rule 56(C).

issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to *Hughley*).

[6] As Alicea correctly points out, "we have long recognized that 'Indiana's summary judgment procedure . . . diverges from federal summary judgment practice.'" *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994). In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof lacks evidence on a necessary element, we impose a more onerous burden: to affirmatively "negate an opponent's claim." *Id.* Only then does the burden shift to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. *Hughley*, 15 N.E.3d at 1003.

[7] "'[S]ummary judgment is inappropriate if a reasonable trier of fact could choose to disbelieve the movant's account of the facts.'" *Insuremax Ins. Co. v. Bice*, 879 N.E.2d 1187, 1190 (Ind. Ct. App. 2008) (quoting *McCullough v. Allen*, 449 N.E.2d 1168, 1172 (1983)), *trans. denied*. "'[I]t is error to base summary judgment solely on a party's self-serving affidavit, when evidence before the court raises a genuine issue as to the affiant's credibility.'" *Id.* (quoting

*McCullough*, 449 N.E.2d at 1172). When the facts are peculiarly in the knowledge of the movant's witnesses, there should be an opportunity to impeach them at trial, and their demeanor may be the most effective impeachment. *Id.*

[8] Alicea contends in relevant part that Brown did not sustain his burden as summary judgment movant to negate an element of Alicea's punitive damages claim.[3] "Unlike compensatory damages, which are intended to make the plaintiff whole, punitive damages 'have historically been viewed as designed to deter and punish wrongful activity.'" *Yost v. Wabash College*, 3 N.E.3d 509, 523 (Ind. 2014) (quoting *Cheatham v. Pohle*, 789 N.E.2d 467, 471 (Ind. 2003)). In tort actions, punitive damages may be awarded upon a showing of willful and wanton misconduct such that the defendant subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences. *Id.* (citations omitted). Whether punitive damages may be awarded is usually a question of fact. *Cheatham*, 789 N.E.2d at 472. Our Supreme Court has held that "the intoxicated driver is guilty of willful and wanton misconduct when he deliberately assumes control of an automobile and places it upon a public highway." *Williams v. Crist*, 484 N.E.2d 576, 578 (Ind. 1985).

---

[3] We need not address the other issues raised by Alicea because this issue is dispositive of this appeal.

[9]     The only evidence Brown designated in support of his motion for partial summary judgment consisted of several pages from the transcript of his deposition. On appeal, Brown directs us to excerpts of that testimony showing that: he "had only consumed two and a half (12 ounce) cans of beer" at the time of the collision and was "not impaired by alcohol"; he had been driving in a "safe manner" before the collision; he tried "to get around him without hitting him, but [he] didn't have enough room . . . [or] enough time" to avoid the collision; his BAC was measured at .02 or .03 sometime after the collision; and, while his truck was impounded, he was not arrested and did not receive any traffic citations. Appellee's Br. at 31. Brown maintains that this undisputed designated evidence "demonstrates that Brown was not intoxicated at the time of the accident and, further[,] that Brown's actions of drinking while driving (though unacceptable and maybe even criminal) did not cause or contribute to Alicea's complained-of harm." *Id.* at 32. Thus, Brown asserts that Alicea cannot prevail on his punitive damages claim, as a matter of law.

[10]    However, Brown ignores the undisputed designated evidence that calls into question his credibility. For instance, Brown violated the law when he drank alcohol while driving, left the scene of a collision, and lied to law enforcement shortly thereafter about those acts. Moreover, the facts as alleged by Brown, such as whether he was impaired or intoxicated at the time of the collision, "are peculiarly" within Brown's knowledge, and there should be an opportunity to impeach him at trial. *See Insuremax Ins. Co.*, 879 N.E.2d at 1190. Because a reasonable trier of fact could choose to disbelieve Brown's account of the facts,

we hold that Brown has not sustained his burden to affirmatively negate an element of Alicea's punitive damages claim, and the trial court erred when it granted partial summary judgment for Brown on that claim. *See id.*

[11] Reversed and remanded for further proceedings.

Baker, J., and Robb, J., concur.